## NORWOOD VS. MARTIN.

ERROR to *Baltimore* County Court, issued on the 30th of May 1810, for the removal of a judgment rendered in that court at March term 1810, for $834 debt, $500 damages, and $7 93¼ costs. The damages by (agreement,) to be released on payment of interest on the debt from the 1st of January 1809. A record of the proceedings was transmitted to this court to June term last, with the writ of error, endorsed, "Bond filed, and securities approved."

T. *Buchanan*, for the Plaintiff in error, at this term, exhibited a petition on the part of the plaintiff in error, stating that he had on the 30th of May 1810, entered into bond with sureties, approved by the chancellor, for prosecuting a writ of error on the judgment rendered against him in *Baltimore* county court, at the suit of the defendant in error, a copy of which bond he exhibited, being in the penal sum of $800, and in the usual form. That a transcript of the record of said judgment had been transmitted to, and was now depending in this court. That on the 29th of November 1810, the defendant in error sued out a writ of *capias ad satisfaciendum* on the judgment from *Baltimore* county court, under which the plaintiff in error had been arrested, and was in custody of the sheriff of that county under the said pretended execution; from which he prayed to be discharged, &c.

And on the motion of the counsel of the plaintiff in error, it was ruled by the court, that the defendant in error show cause, by Friday the 4th of December instant, why a writ of *habeas corpus* should not issue to the sheriff of *Baltimore* county, to produce the body of the plaintiff in error before this court, &c.

*Martin*, in person, now showed cause. He contended, that as the penalty in the writ of error bond was not in double the amount of the debt, damages and costs, the writ of error did not operate as a *supersedeas*. He referred to the act of 1713, *ch.* 4. The approval by the chancellor was only as to the security, and has nothing to do with the form of the bond. He also contended, that as the petitioner, (as was the case,) was then present in court, and not in the actual custody of the sheriff of *Bal-*

1810.
DECEMBER.

Norwood
vs
Martin

The plaintiff in error entered into bond with sureties, to the defendant in error, (which was approved by the chancellor) for the removal of a judgment from the county court to the court of appeals; but as the bond was not in double the amount of the debt, &c. recovered, the defendant in error sued out a *ca. sa.* on the judgment, under which the plaintiff in error was taken in execution, who petitioned to, and moved the court of appeals for a writ of *habeas corpus* to discharge him from the execution—*Held*, that the writ of *habeas corpus* could not issue.

*timore* county, he was not entitled to a writ of *habeas corpus*. He referred to 3 *Bac. Ab.* tit *Habeas Corpus*, (B 3) 427. *Rex vs. Kessel*, 1 *Burr.* 637. He further insisted that this court, as a court of appeals, had no authority to issue the writ. It can only be issued, if at all, by the court out of which the *ca. sa.* issued, or by a member of this court out of court.

RULE DISCHARGED.

---

June (E. S.)

## WEST's Ex'x. vs. Hyland.

*Where a ca. sa. is returned cepi, and the plaintiff does not proceed to enforce the writ by having the defendant committed, defaulting the sheriff, or having it entered not called, it does not preclude the plaintiff from taking out a new ca. sa.*

THIS was a *ca. sa.* issued on a judgment affirmed in this court on an appeal from *Somerset* County Court. The defendant was taken in execution under this *ca. sa.* and appeared in court in the custody of the sheriff.

*J. Bayly*, for the Defendant, moved the court for a rule on the plaintiff to show cause why the writ of *ca. sa.* in this case ought not to be quashed, upon the ground that the defendant had been taken in execution under a *ca. sa.* issued by the plaintiff upon the same judgment, returnable to the last term of this court, which *ca. sa.* was returned by the sheriff, endorsed *cepi*, and to which the defendant appeared in this court at the return day of the writ, but the plaintiff did not move the court to have the defendant committed, nor did he call on the sheriff to bring into court the body of the defendant, nor did he do any thing therein, but that *ca. sa.* stands open upon the docket of the court under the sheriff's return of *cepi*, and the present *ca. sa.* is a renewal of the said former writ. He contended, that the defendant was released from the debt, by the plaintiff's neglect to enforce the former *ca. sa.* by defaulting the sheriff, committing the defendant to the custody of the sheriff, or having the *ca. sa.* entered *not called* with the consent of the defendant; and that he could not be again taken in execution under a new *ca. sa.* whilst the former stood under a *cepi*, and not acted upon.

*Martin*, and *W. B. Martin*, against the rule.

CHASE. Ch. J. delivered the opinion of the court to the following effect (a.) That the return of *cepi* to the former

(a) BUCHANAN, NICHOLSON and EARLE, J. concurred.