## Ex-Parte Hugh O'Neill.

The Court of Appeals has *appellate* jurisdiction only, and as jurisdiction in a case of *habeas corpus* is *original* and not appellate in its character, this court cannot exercise it.

But the individual judges of the court may, under the act of 1809, ch. 125, whether the court be in session or not, grant the writ of *habeas corpus during the vacation of the circuit courts.*

The acts of Assembly imposing duties upon the judges of the Court of Appeals in their *individual capacities* have not been abrogated by the new constitution, but apply in the same manner to the members of the present as to those of the former court.

The power to hear and decide upon cases of *habeas corpus* may be claimed by the individual judges of the Court of Appeals, under that clause of the constitution which makes them "conservators of the peace throughout the State."

The term "*vacation,*" in the act of 1809, ch. 125, refers only to the county courts and not to the Court of Appeals.

This was an application made to the Court of Appeals, during its session in term time, for a writ of *habeas corpus,* made by the petitioner, O'Neill, through his counsel, *James S. Franklin,* alleging that he was unjustly confined in the jail of Anne Arundel county, upon the charge of shooting a free negro with intent to kill.

MASON, J., delivered the opinion of the court upon this application.

We cannot discover from the new constitution any purpose to abrogate any of the acts of Assembly imposing duties upon the members of the Court of Appeals in their individual capacities; but on the contrary, we are of opinion, that the members of the new Court of Appeals accepted their offices, burthened with the obligation to discharge the duties which were imposed by those acts upon the judges of the former court. Under this impression all the members of this court have acted in their attendance upon, and participation in the proceedings of the board of Governors and Visitors of St. John's College, and under which others have acted in taking acknowledgments of deeds, in hearing cases in *habeas corpus* and the like. It is evident that the new constitution designed that the present

Court of Appeals, as well as the individual members thereof, should, for every purpose, unless otherwise specified, be substituted to all the powers, duties and responsibilities of the former court, and its individual members.

The act of 1809, ch. 125, empowering any judge of the Court of Appeals, in vacation, to grant the writ of *habeas corpus*, is still in force and applies to the present members of the Court of Appeals. The reason why the power under that act was only to be exercised during vacation was, manifestly, because during the sessions of the court there would be no necessity for the judges to exercise the power, inasmuch as the court possessed the same power, and being in actual session could exercise it, and thus grant immediate relief to the aggrieved party.

The judge who pronounced the opinion in the case of *Walsh*, 5 *Md. Rep.*, 607, (the same who delivers the opinion of the court in this case,) fell into the error of supposing, that the *vacation* referred to in the act of 1809 embraced as well the vacations of the Court of Appeals as those of the county courts. Mature reflection brings us to the conclusion, that the term, *vacation*, refers only to the county, now circuit, courts, and the courts of Baltimore, to which have been transferred the powers and duties of the former county court. It does not appear to us that the Court of Appeals ever had original jurisdiction in cases of *habeas corpus*, (*Norwood vs. Martin*, 3 *H. & J.*, 199,) and therefore there is no more reason why this power should be only exercised during the vacation than. during the actual sessions of that court. The reason why this power was conferred upon judges in their individual capacities only, *in vacation*, was to provide against the delay which parties would be subjected to if they should have been required to wait for relief until the court having jurisdiction in their case should hold a session; and if the Court of Appeals had no jurisdiction, the same reason would apply why the power should be exercised by a single judge as well during the session as during the vacation of that court. The great design of the law of 1809 was to require the judges therein named to grant the writ of *habeas corpus* wherever they might be, within the limits of Maryland,

provided at the time the county court of the county where the application was made was not in session, to which the injured party could appeal.   The design and efficacy of this law have not been impaired by the new constitution; but on the contrary, the powers and duties imposed under it have been transferred to the judges created under the new, which correspond to those designated in the old constitution.

A power so valuable to the peace and liberties of our citizens as that conferred by the act of 1809 ought not to be considered as abrogated or withdrawn by the new constitution, except upon the plainest and most unequivocal language.   We have not been able to discover such a purpose upon the face of this constitution.

The new constitution, while it continues the powers in the individual members of the court as defined by the act of 1809, nevertheless evidently designed to withhold it from the court itself.   The 4th article, section 1 of the constitution expressly provides, that "the Court of Appeals shall have *appellate* jurisdiction only," and as jurisdiction in a case of *habeas corpus* is original and not appellate in its character, it cannot be claimed by this court.

Nor can we see any inconsistency in this distinction, nor would any inconvenience result from it.   The opinion of an individual judge of this court, expressed in a case of *habeas corpus*, upon a summary proceeding, might well afterwards be reviewed, if properly the subject of appeal, by his three associates, or even in part by himself, when upon full hearing and argument the merits of the question would be more fully developed.   This court then has no original jurisdiction in cases of *habeas corpus*.

We are further of the opinion, that the power to hear and decide upon cases of *habeas corpus* may be claimed by the individual judges of this court, under the 4th article and 6th section of the constitution, which provides, that "all judges of the Court of Appeals, &c., shall, by virtue of their offices, be conservators of the peace throughout the State."   Every case of unlawful imprisonment may be said to present a question connected with or affecting the peace of the community, and as

conservators of the peace, it is our duty to examine into all such cases when properly and upon sufficient grounds they may be presented to us; and if necessary to do so effectually, we may command the aid of the writ of *habeas corpus.*

*Petition dismissed.*

Note.—The writ was afterwards issued by one of the judges of the court, and the case was heard before *Justice Tuck,* who released the party upon bail.