CAROLINE A. HOFFMAN, by her next friend, EDMUND M. HOFFMAN, *vs.* FREDERICK RICE and others.

*Husband and Wife—Husband's interest as Tenant by the Curtesy initiate, in the proceeds of the Sale of his Wife's real estate.*

A married woman was seised in fee, previous to her marriage, of an undivided ninth part of certain real estate descended from her father. This land was sold for the purpose of partition, during the life of the husband and wife, and out of her share of the proceeds of sale, the auditor made an allowance to the husband in lieu of his interest as tenant by the curtesy initiate. The amount of this allowance was three-eighths of the whole sum assigned to the wife as her share of such proceeds, being equivalent to the interest of the husband for life in all the real estate of the wife, as ascertained under the 41st rule of the Circuit Court, being three times as much as would be allowed to a widow of the same age in lieu of dower. By a *pro forma* order of the Circuit Court, the trustees were directed to invest the sum so allowed the husband, in Baltimore City six per cent. stock, and to pay to the wife the interest thereon during her life, and after her death to pay the principal sum to certain judgment creditors of her husband, upon whose petition the order was passed. On appeal from this order by the wife, it was HELD :

1st. That the amount assigned by the auditor to the husband, was correctly calculated.

2nd. That the wife was not entitled to an allowance or settlement out of this sum.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Allen E. Forrester,* and *Wm. F. Frick,* for the appellant.

*Samuel Snowden,* for the appellees.

MILLER, J., delivered the opinion of the Court.

Our decision on the former appeal in this case (35 *Md.,* 344,) has settled the question as to the right of the appellees, his judgment creditors, to intervene and claim the husband's interest in the fund arising from the sale of his wife's real estate, without reference to the time when the debts for which these judgments were rendered, were contracted.    The wife before her marriage, which took place in 1845, was seised in fee of an undivided ninth part of this land, and her husband's interest as tenant by the curtesy initiate or otherwise, was not affected by the Code adopted in 1861, but the right of his judgment creditors to seize and sell that interest under executions on their judgments was controlled by the Act of 1841, ch. 161, which we said was not repealed, but in effect embodied in and continued by the Code.    It had been previously decided that the effect of that Act was not to destroy tenancies by the curtesy, nor liens of judgments on such interests.    It suspended the right of execution during the life of the wife, but left the judgment lien perfect on the life estate of the husband to be enforced on the death of the wife. *Anderson vs. Tydings,* 8 *Md.,* 227 ; *Logan vs. McGill and wife,* 8 *Md.,* 461.    If therefore the land had not been sold the appellees could have enforced their judgments against this interest immediately upon the death of the wife, in case the husband survived her.    But the land has been sold for the purpose of partition, during the life of the husband and wife, and it hence became necessary to set apart and assign to the husband a money equivalent for his interest.    This conversion, however, we have said, did not withdraw from the proceeds of sale the protection afforded by the Act of 1841.    In that respect we adopted the views of the Chancellor in *Hall vs. Hall,* 4 *Md. Ch. Dec.,* 288, and said "that the proceeds arising

from the sale of the wife's real estate must be regarded as standing in the place of the real estate, and only so much thereof as may be allowed the husband in lieu of his interest as tenant by the curtesy, is *liable to his creditors upon the death of the wife.*" By this we decided and intended to decide that whatever sum should be thus properly allowed to the husband, the appellees as his judgment creditors were entitled to upon the death of the wife. In the auditor's account the amount thus to be allowed the husband is stated to be $2030.49, and the order from which the present appeal is taken, directs the trustees to invest this money and pay to the wife the interest thereon during her life, and after her death to pay the principal sum to the appellees on account of their respective judgments    There can be no objection to the mode of disposition which the order adopts. It secures to the wife the protection of the Act of 1841, in so far as it can be applied to such a case, and seems to be the only just and practicable method of carrying into effect the decision of this Court on the former appeal. The only questions therefore open upon this appeal are :

1st. Has the auditor correctly ascertained the amount? and

2nd. Is the wife entitled to an allowance or settlement out of this sum?

1st. There is no difficulty as to the rule which must govern the ascertainment of this amount. The auditor states that he has calculated the value of the husband's interest under the 41st Rule of Court, and makes it three-eighths of the whole sum assigned to the wife for her share of the proceeds of sale. The record does not disclose what that rule is, but it seems to be conceded by the brief of the appellant's counsel that it is the same as the Chancery Rule for the allowance in lieu of a life interest in the whole estate, being treble the amount allowed in like cases in lieu of dower. *Williams' Case,* 3 *Bland,*

Hoffman *vs.* Rice, *et al.*

281, 282. This has been long accepted and adopted in the Chancery practice of this State as the correct method of ascertaining the present value of estates for life in land, and life estates of all descriptions other than dower, or those embraced by some legislative provision. This rule as we understand it to be conceded, has been followed and applied in the case before us, and in our opinion correctly so. By marriage and birth of living issue capable of taking the estate by inheritance, the husband had become tenant by the curtesy initiate. This for all purposes of the application of the rule in a case like the present, was an interest *for the life of the husband* in all the real estate of the wife. The only event that now occurs to us upon the happening of which that interest could be destroyed *during his life*, and the judgment liens thereon diverted, would be a dissolution of the marriage by a decree of divorce *a vinculo;* and possibly to have that effect the decree should contain a clause restoring to the wife all her property. But this is a contingency too improbable to be allowed to constitute an element in the calculation of the present value of such an interest, or prevent the application of the rule to which we have referred.

2nd. With respect to the second question, a majority of the Court are of opinion that this sum is not to be diminished by an allowance to the wife; that it is not a case in which the doctrine of the wife's equity can be applied.

From these views it follows the order appealed from must be affirmed.

*Order affirmed.*

(Decided 2nd July, 1873.)