In the Matter of the Petition for Habeas Corpus by EDWARD SEVINSKEY *vs.* HENRY WAGUS AND WIFE.

*Court of Appeals—Jurisdiction in Habeas corpus—Constitutional law.*

Section 1 of Article 42 of the Code, taken from the Act of 1880, ch. 6, which provides that "the Court of Appeals, and the Chief Judge thereof, shall have the power to grant the writ of *habeas corpus*, and to exercise jurisdiction in all matters relating thereto throughout the whole State," is unconstitutional and void, the Legislature having no power to confer upon the appellate Court such original jurisdiction.

Section 6 of Article 4 of the Constitution which declares that "all Judges shall, by virtue of their offices, be conservators of the peace throughout the State," does not confer jurisdiction upon the Court of Appeals in *habeas corpus* cases.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, and MCSHERRY, J.

*J. Semmes Devecmon*, for the petitioner.

*Benjamin A. Richmond*, for the respondents.

ALVEY, C. J., delivered the opinion of the Court.

This is an application to this Court for the exercise of original jurisdiction in matter of *habeas corpus*. The petition is filed by a party, claiming to be the father, to get possession and control of two infant children, now in the custody and control of their grandparents. The application is made under the apparent authority conferred upon this Court by section 1 of Art. 42 of the Code, codified from the Act of 1880, ch. 6, which pro-

Sevinskey *vs.* Wagus and Wife.

vides that "The Court of Appeals, and the Chief Judge thereof, shall have the power to grant the writ of *habeas corpus,* and to exercise jurisdiction in all matters relating thereto throughout the whole State." If this statutory provision be constitutional, this application can, of course, be entertained. But the question is, can the Legislature invest this Court with any such original jurisdiction? This Court is an appellate Court, and is so styled in the Constitution; and no provision is made in that instrument for instituting or conducting any original proceedings herein. The Constitution, Art. 4, sec. 14, in defining the jurisdiction of this Court, declares, that "The jurisdiction of said Court of Appeals shall be co-extensive with the limits of the State, and such as now is or may hereafter be prescribed by law;" that is to say, such appellate jurisdiction as the Court then had or might thereafter have conferred upon it. The Court at the time of the adoption of the present Constitution had, under former Constitutions, appellate jurisdiction only; and the terms by which the jurisdiction is defined in the present Constitution, are substantially the same in meaning as those employed in the Constitutions of 1851 and 1864. It would therefore seem to be clear that the jurisdiction of this Court is appellate only; for if not so, and the Legislature could confer original jurisdiction upon it in cases of *habeas corpus,* it could also confer such jurisdiction in cases of *mandamus,* or in cases of any other subject-matter of original jurisdiction. This manifestly was never contemplated by the framers of the Constitution; and therefore the attempt by the Legislature to confer such jurisdiction is simply nugatory and void. *Ex parte O'Neill,* 8 *Md.,* 227; *State vs. Shields,* 49 *Md.,* 301; *State vs. Glenn,* 54 *Md.,* 594.

The Constitution, Art. 4, sec. 6, declares that "All Judges shall, by virtue of their offices, be conservators of the peace throughout the State;" and it has been

held that the power of the individual Judges of the Court of Appeals, and of the other common law Judges of the State, to hear and determine cases of *habeas corpus*, originating in any part of the State, may be supported under this general provision of the Constitution. But this power, conferred upon the individual Judges of this Court, does not confer jurisdiction upon this Court in cases of *habeas corpus*.   8 *Md.*, 227; 54 *Md.*, 594.

It follows that the petition must be dismissed for want of jurisdiction, the petitioner to pay the costs.

