MARYLAND STATE FUNERAL DIRECTORS ASSO-
CIATION ET AL. *v.* STATE BOARD OF
UNDERTAKERS ET AL.

*Mandamus—Not to Control Board's Discretion—Issue of
Undertaker's License.*

If the State Board of Undertakers, in issuing to an individual licenses to engage in undertaking and embalming, misconstrue the statute, and accordingly measure the applicant's qualifications by a wrong standard, the writ of mandamus may issue to require an investigation and decision according to the statutory standard, but the writ should not issue if the board merely makes a wrong application of the right standard.          p. 297

Acts 1924, ch. 275 (Code, art. 43, secs. 296-301), authorizing the State Board of Undertakers, without examination, to issue licenses to engage in undertaking and embalming to persons who were at the time of the passage of the act carrying on such occupations, empowers the board to grant such licenses without reference to the applicant's position in the business, and without reference to the regularity of his work therein, and they may grant licenses in their discretion if they find in the applicant practical experience in the business or profession sufficient to give the assurance of competency required.          pp. 297, 298

*Decided April 7th, 1926.*

Appeal from the Superior Court of Baltimore City (FRANK, J.).

Petition by the Maryland State Funeral Directors' Association, a corporation, and Edward I. Fanning, against Henry W. Mears and others, constituting the State Board of Undertakers of Maryland, and John W. Ritz. From an order dismissing the petition, the petitioners appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Vernon Cook,* with whom was *William Edgar Byrd* on the brief, for the appellants.

*Willis R. Jones, Assistant Attorney General,* and *Paul M. Higinbothom,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellants here appeal from the dismissal of their petition for a writ of mandamus to compel the State Board of Undertakers to revoke licenses issued to John W. Ritz to engage in undertaking and embalming, on the ground that Ritz lacked the qualifications required by law for such licenses. By the Act of 1924, ch. 275, now sections 296 to 301 of

article 43 of the Code of Public General Laws, persons who were at the time of the passage of the act carrying on the business of undertaking and the profession of embalming were required to take out licenses, one each year for undertaking, and one permanent license for embalming; and persons who did not, or could not, then take out licenses by virtue of being already in the business or profession, were required to take qualifying examinations for licenses. The board was given power to revoke any license on proper cause and after full hearing of all parties in interest. Ritz was licensed by the board without examination, because, as appears from testimony of members of the board, they knew, of their own personal knowledge, and from statements of others, that he had done the work of undertaking and embalming as an assistant, and to some extent independently, although his regular business was that of providing hacks or automobiles for funerals, and because they knew that he was qualified for the work by experience. This they considered sufficient qualification under the act. The appellants filed with the board a protest and request for revocation, and this having been refused, applied for the writ of mandamus. Evidence was produced before the court tending to show that Ritz had, throughout his working life, assisted to some extent in the work of undertaking and embalming, had taken a course of instruction in embalming under an expert at the Johns Hopkins Medical School and embalmed bodies there, and during the influenza epidemic some years back had entire charge of twenty-five or thirty funerals.

The trial judge concluded that the decision of the board was one rendered in good faith in the exercise of the discretion entrusted to it, and, being such, could not be reviewed or interfered with by the court. But the appellants contend that the board obviously mistook the meaning of "persons now carrying on the business," and "engaged in the profession," used in the statute, and, by so doing, measured the qualifications of Ritz for licenses without examination, by a

standard which was not that given in the statute, so that the decision was not on the question submitted to its discretion. More specifically, the appellants contend that the standard which the statute gives for testing the right to licenses is not mere experience in the business as assistant, or occasionally as principal, but is rather the engaging in the business or profession primarily and regularly as principal, at the time of the passage of the act. And, conceding that a decision by the board upon a question submitted to their discretion is not reviewable, they contend that the decision to grant licenses to Ritz, having been based on a mistaken construction of the statute, was not one within the discretion submitted, and is reviewable.

There is no real controversy on the legal principles. If it appears that the board did, by misconstruing the statute, measure the applicant's qualifications by a standard other than that given in the statute, the writ of mandamus may issue to require an investigation and decision according to the statutory standard. *Manger v. Board of Examiners,* 90 Md. 659, 674. And, on the other hand, if, assuming the decision to be wrong, it is merely a wrong application of the right standard, the decision is not reviewable, and the writ should not issue. *Henkel v. Millard,* 97 Md. 24.

In the opinion of this court, the decision was not, so far as the evidence shows, based upon a misconstruction of the statute, and, therefore, whether it was right or wrong on the facts, it cannot be interfered with by a writ of mandamus, and the decision of the trial court was correct. The object of the statute was only to assure competency in practitioners, we take it, and that being true, the qualification intended for licenses without examination would seem to be such a career in the practical work as might be assumed to give that assurance, without reference to the position of the applicant in the business, and without reference to the regularity of his work in it. And if the board found in the applicant practical experience in the business or profession sufficient to give the assurance of competency required, they might grant

him licenses in their discretion. The statutory standard intended would have been used, and the question referred to the board decided.

Other questions arising in this particular proceeding we find it unnecessary to consider.

*Order affirmed, with costs to the appellees.*