JOSEPH F. FULKER ET AL. *v.* COUNTY COMMIS-
SIONERS OF BALTIMORE COUNTY ET AL.

[No. 92, October Term, 1928.]

*Decided January 25th, 1929.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Parke, and Sloan, JJ.

*Charles F. Harley,* with whom were *W. Gill Smith* and *Michael J. Manley* on the brief, for the appellants.

*Elmer J. Cook,* for the appellee.

Offutt, J., delivered the opinion of the Court.

In April, 1928, Joseph F. Fulker, for himself and his wife, applied to Warner D. Heim, inspector of buildings for the Ninth Election District of Baltimore County, for a permit to erect a two story building, with a gasoline filling station in the rear, on their property which is located at the southwest corner of the York Road and Regester Avenue, in Baltimore County. Heim, without any hearing or other proceeding, refused the permit, and so informed the Board of County Commissioners of Baltimore County, and that board, without "any hearing whatever," on May 28th, 1928, also refused it. Thereupon (1) Fulker appealed from the order of the County Commissioners refusing the permit to the Circuit Court for Baltimore County, and (2) he, and Julia J. Fulker, his wife, on June 20th, 1928, filed in that court a petition in which they prayed that a writ of mandamus be issued directing and commanding the Board of County Commissioners of Baltimore County, and Heim, the building inspector for the Ninth Election District of Baltimore County, to issue to Joseph F. Fulker a permit for the erection of the two "story building with gas filling station in the rear," as described in the application and plans and specifications accompanying it. The defendants demurred to the petition, the demurrer was sustained, the petition dismissed, judgment entered for the defendants, and this appeal was taken from that judgment.

The judgment must be affirmed for two reasons: First, if, as appellants contend, chapter 300 of the Acts of 1908 is unconstitutional and void, there is no legislation on the subject at all, there is no such office as building inspector of the Ninth Election District of Baltimore County, and the County Commissioners of Baltimore County are neither charged with the duty of issuing such permits as that for which the appellants apply in this case, nor have they the power to do so. Second, if the statute is constitutional and valid, then it itself furnishes the appellants with a plain, simple, and adequate remedy by an appeal to the Circuit Court for Baltimore County, and mandamus will not lie.

Respecting the first proposition, it is axiomatic that the powers and duties of such a body as the Board of County Commissioners of Baltimore County are essentially statutory (*Chaney v. County Commissioners,* 119 Md. 386), and that it can exercise no authority save such as is expressly conferred upon it by the General Assembly of Maryland or the Constitution of the State, or which may be requisite to the reasonable exercise of its ·express powers. *Ibid.* Const. Md., art. 7, sec. 1, provides that its duties shall be such as "now or may be hereafter prescribed by law." But neither in the Public General Laws of the State (Code, art. 25), or the Public Local Laws thereof (article 3), is there to be found any provision expressly conferring upon the Board of County Commissioners of Baltimore County authority to regulate the construction of buildings in said county, other than what is provided by Chapter 300 of the Acts of 1908, as amended by Chapter 481 of the Acts of 1918. Nor in this case is it contended that such authority is to be implied from any general powers expressly granted to it.

That statute as now amended provides for the appointment of a building inspector for each election district of the county, and it further provides that no building or structure shall be erected or constructed in such districts without a written permit signed by the inspector of buildings, to be issued upon the payment of certain fees graded in accordance with a schedule based upon the value of the building. It

also provides that "whenever any such inspector of buildings shall refuse such permit, he shall certify his reasons therefor in writing to the County Commissioners of Baltimore County, and the said county commissioners shall grant or refuse such permit by an order in writing, and from such order there shall be an appeal by the person or persons applying for said permit to the Circuit Court for Baltimore County, the decision of which court shall be final in the premises, said appeal to be taken within thirty days from the passage of said order" (Balto. County Code, 1928, sec. 64), and it authorizes the county commissioners to adopt appropriate rules and regulations governing the erection or construction of buildings and structures in Baltimore County.

But if that statute falls, the power of the board of county commissioners to appoint building inspectors, the right of such officials to issue permits for the erection of buildings or other structures in said county, and to exact fees therefor, and the right of the county commissioners to pass upon the validity or the propriety of their acts, fall with it. In such case manifestly the writ could not issue to compel Heim to perform the duties of an office which never existed, or to compel the county commissioners to exercise powers which they do not have.

On the other hand, if we assume that the statute is constitutional, then since it allowed an appeal from the action of the building inspector to the county commissioners, and from their action to the Circuit Court for Baltimore County, it furnished the appellants a complete and adequate remedy at law, and mandamus will not lie. *Applestein v. Baltimore,* 156 Md. 40; *Savaage Mfg. Co. v. Magne,* 154 Md. 46. If there is no law requiring a permit for the erection of the proposed structure, appellants may build without one; if there is such a law, and the officials charged with its administration erred in refusing it, that error can be corrected on appeal to the Circuit Court for Baltimore County.

In view of that conclusion, any discussion of such questions as the constitutionality or the construction of the act under consideration, which were so ably presented by counsel

in this court, would be beyond any legitimate scope of this opinion, and will not be undertaken. Although nothing herein contained is to be taken as implying any doubt as to the constitutionality of Chapter 300 of the Acts of 1908.

In either case the petition was properly dismissed, and the judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*