## GUY F. STARK *v.* STATE BOARD OF REGISTRATION

[No. 21, January Term, 1941.]

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, and COLLINS, JJ.

*George M. Brady,* with whom were *John Marshall Jones, Jr.,* and *Thomas H. Hederick,* on the brief, for the appellant.

*Robert E. Clapp, Assistant Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the appellees.

*Decided April 29th, 1941.*

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to a petition of the appellant, Guy F. Stark, for a writ of mandamus to compel the defendants to issue to the petitioner a certificate of registration as a professional engineer under and in accordance with the provisions of chapter 752 of the Acts of 1939 and particularly under section 16 thereof.

The petition recites that Guy F. Stark, a citizen of Maryland, and a resident of Baltimore County for more than a year prior to June 1st, 1939, the day the Act of 1939, ch. 752, became effective, had been engaged as a professional engineer.

"In the course of his occupation as a professional engineer, he has applied engineering principles and data in design and lay out of electrical distribution systems pertaining to industrial plants, works and projects; he has designed and laid out electrical generating plants and mechanical intallations thereof; he has designed and laid out mechanical structures for the support of pipes, conductors and conduits as required in these projects; he has planned and designed tests to determine electrical strength of insulators, lighting arresters, transformers and circuit breaker bushings; he has planned and designed control circuits as required in the installation of electric motors and generators in industrial works, processes and projects; he has recommended correct types of electric motors, generators and transformers for both private enterprises and public utilities; he has been called upon to recommend and did recommend correct types of electric motors and transformers for use in this Nation and in the Dominion of Canada; he has laid out control systems for use on electrically driven pumping

machines and he has recommended special types of explosion proof control for use in oil fields. He has laid out electric furnace setup with transformers and regulators for use in the technical institute of Sao Paulo, Brazil. In 1937 he earned and received from the Johns Hopkins University the degree of Bachelor of Science in electrical engineering and thereafter was employed as a professional engineer in Pittsburgh and New York by the Westinghouse Electric International Company. While maintaining his home in Baltimore County he was required by the Westinghouse Electric International Company to spend in 1938 most of his working hours in the City of New York. As he preferred to be in Maryland and to be employed by the Stark Electric Company, an enterprise owned and controlled by Frank Stark, your petitioner's Father, he terminated in January, 1939, his employment by the Westinghouse Electric International Company, and ever since said time he has been professionally engaged in Maryland."

That by the Act of 1939, ch. 752, it was provided that the Governor appoint a State Board of Registration for Professional Engineers and Land Surveyors to be composed of five professional engineers. The board so to be appointed consisted of five members from nominees recommended from the Maryland chapter or section of the American Society of Civil Engineers, the American Society of Mechanical Engineers, the American Institute of Electrical Engineers and the American Institute of Chemical Engineers, with the qualifications prescribed by section 4 of the Act, and there should be at least one member from each of the four named groups. In accordance with the Act, the Governor appointed A. Graham Christie, Sheppard T. Powell, Frederick O. Schnure, Vinton D. Cockey, and John R. Baker, the defendants, appellees.

In November, 1939, the petitioner filed his application with the Board for registration as a professional engineer, wherein it appears that he was then 25 years, 8 months of age, and took a 4-year course in electrical

engineering at Johns Hopkins University, graduating in 1937. The application requires that the applicant "State in order (a) title of position held, (b) name, location and character of business of employer, (c) kind of work done by applicant and degree of personal responsibility therefor." The applicant gave the names of two employers, his father's concern in Baltimore from June, 1931, when he was 17 years old, to October, 1933, when he went to Hopkins University, and again since February, 1939, and with the Westinghouse Company from July, 1937, to January, 1938, and again from February, 1938, to January, 1939. There was no information as to the "kind of work done" or the "degree of personal responsibility therefor." The application was endorsed by three professors of engineering at Hopkins University, the president of the Chesapeake Steamship Company, and an engineer of the U. S. Coast Guard.

The answer of the Board to the application is as follows:

"February 2, 1940
"Address reply to:
"1616 Lexington Building
"Baltimore, Md.
"Mr. Guy F. Stark
"7518 Bel Air Road
"Baltimore County, Md.
"Dear Mr. Stark:

"The Board has had under consideration your application for registration under Paragraph 16 of the law governing registration, a copy of which was sent you with the application blank, and has concluded that at this time your qualifications do not meet the requirements for registration as a Professional Engineer.

"The Board is required by this law to register only those who strictly conform with the requirements of the law. The Board is guided in its interpretation of the law by opinions rendered it by the Attorney General of Maryland, and is also aided by practice of Boards in other states which are administering similar laws.

"Paragraph 16 offers to Professional Engineers during the first year of the law the opportunity to acquire registration without examination and at a reduced fee. It does this only to persons who are definitely qualified as Professional Engineers; it does not make this offer to any one who may apply for registration.

"Paragraph 2 gives the definition of Professional Engineer as one 'who is qualified by reason of his knowledge * * * acquired by professional education and practical experience * * *.'

"Paragraph 12 indicates the minimum amounts of education and experience that are considered necessary under the law to qualify one as a Professional Engineer. Your application does not contain evidence that you meet at this time the minimum requirements under any category of Paragraph 12, and consequently it becomes obligatory to deny your application.

"Action of the Board on your present application does not, in any way, prevent you applying for registration at any future time under the provisions of the registration law.

> "Very truly yours,
> "(s) J. R. Baker,
> "Secretary."

On March 6, 1940, the petitioner wrote the Board, more in detail than in the original application. In answer to that, the Board wrote Mr. George M. Brady, attorney for the petitioner, on April 9th, 1940, as follows:

"April 9, 1940

"Address Reply to:

"1616 Lexington Building

"Baltimore, Md.

"Mr. George M. Brady

"1403 Fidelity Building

"Baltimore, Md.

"Dear Mr. Brady:

"I am glad to advise Mr. Guy Stark through you that the Board has decided to consider anew Mr. Stark's application for registration as a Professional Engineer.

For this purpose it requests that he supply the type of evidence which is necessary to afford assurance that he has performed work of a satisfactory character. By this is meant evidence that his experience has inculcated a knowledge of mathematics, the physical sciences and the principles of engineering to a degree sufficient to render him competent to engage on his own responsibility in professional work.

"In other instances where the Board has requested concrete evidence, the applicant has been free to select his own method of presenting evidence as the Board has no intention of circumscribing applicants in that respect. The method most convenient and convincing to the Board has been to submit written descriptions of particular jobs making references to supporting design computations and resulting drawings, specifications, photographs, etc.

"Together with applicant's presentation of evidence of experience, the Board requires that the names of unconnected references be submitted who can verify the professional aspects of the applicants work. It is not sufficient for a reference to state merely that the applicant handled a job in a satisfactory manner; what is necessary is the confirmation of responsible use of engineering principles for the solution of the problems of a professional nature.

"In this connection, your attention is directed to the desirability of keeping in mind the distinction between creative professional work on the one hand and artisanship, contracting, and sales work as discussed in my letter of March 28 to Mr. Charles Stark.

"Trusting that the above clearly indicates the kind of evidence desired and a practical method for presenting it, I am,

"Yours very truly,
"(s) J. R. Baker,
"Secretary."

This letter is the last thing that appears in the record showing any action on petitioner's application. The next

step is the petition for mandamus, to which the letters quoted and the application for registration were filed as exhibits. There is nothing in the record to show that there has been any action by the Board approving or dismissing the application, except what appears in the petition, which says: "The said Board unrighteously, unreasonably, unwarrantedly and illegally refused the application of your Petitioner." Inasmuch as the allegations of the petition charge that the application had been refused, we must accept the statement as true, though a mandamus cannot be peremptorily issued without any further proceedings, if a demurrer be overruled. *West v. Musgrave,* 154 Md. 40, 42, 139 A. 551; *Legg v. Annapolis,* 42 Md. 203, 223; *Sudler v. Lankford,* 82 Md. 142, 33 A. 455; *Beasley v. Ridout,* 94 Md. 641, 648, 52 A. 61.

The petitioner claims the privilege of section 16 of the Act of 1939, ch. 752, and files his application thereunder. It is as follows:

"16. Practitioners at Time Article Became Effective. At any time within one year after this Article becomes effective, upon due application therefor and the payment of a registration fee of fifteen dollars ($15.00) for professional engineers or professional engineers and land surveyors, or ten dollars ($10.00) for land surveyors— the Board shall issue a certificate of registration, without oral or written examination, to any professional engineer or land surveyor who shall submit evidence under oath satisfactory to the Board that he is of good character, has been a resident of the State of Maryland for at least one year immediately preceding the date of his application, and was practicing professional engineering if an engineer, or land surveying if a surveyor, at the time this Article became effective, and has performed work of a character satisfactory to the Board."

This section was effective for only one year from June 1st, 1939; thereafter sections 12 and 18 only would apply.

The major question in this case is the right to apply for the writ of mandamus to the Court of Common Pleas of Baltimore, and to appeal from it to this court.

The Act of 1939, ch. 752, sec. 19, provides that "Any person who shall feel aggrieved by any action of the Board in denying or revoking his certificate or registration may appeal therefrom to the Supreme Bench of Baltimore City or to the Circuit Court for any county and, after full hearing, said court shall make such decree sustaining or reversing the action of the Board as to it may seem just and proper." It has been decided by this court that, when an appeal is prescribed by the Legislature from the action of any administrative body, the procedure, whatever it is, must be observed. *Fulker v. Rider*, 156 Md. 408, 144 A. 640; *Applestein v. Osborne*, 156 Md. 40, 143 A. 666; *West v. Musgrave*, 154 Md. 40, 139 A. 551; *State, ex rel. Holland v. County Commissioners*, 46 Md. 621; *Baker v. Forsythe*, 178 Md. 682, 16 A. 2nd 921; *Williams v. Taws*, 179 Md. 224, 17 A. 2nd 137. The cases cited are an answer to the contention of the appellant that it has exhausted his remedies, and there is no tribunal left to him for the determination of his rights. The only answer he makes to his right of an appeal is that he must make it to the Supreme Bench of Baltimore City, and that court is not organized as are other courts of the city. While it is true that the Supreme Bench, to this time, is not a trial court, with a clerk and an organization, as the other courts of the city, all of the judges of the city are members of that court, and are designated or assigned to sit in the other courts of the city, it is still a judicial body created by the Constitution, provided for by Article IV, Part 4, Section 27, which reads: "Sec. 27. There shall be in the Eighth Judicial Circuit six Courts, to be styled the Supreme Bench of Baltimore City, the Superior Court of Baltimore City, the Court of Common Pleas, the Baltimore City Court, the Circuit Court of Baltimore City, and the Criminal Court of Baltimore." While its duties are limited by section 33, it is provided by section 39 that "the General Assembly may reapportion, change or enlarge the jurisdiction of the several Courts in said city," and in this instance it has made the Supreme Bench of Baltimore the tribunal to which one

aggrieved by a decision of the State Board of Professional Engineers and Land Surveyors can appeal. *West v. Musgrave,* 154 Md. 40, 139 A. 551; *Fulker v. County Commissioners,* 156 Md. 408, 144 A. 640; *Applestein v. Osborne,* 156 Md. 40, 143 A. 666; *Williams v. Tawes,* 179 Md. 224, 17 A. 2nd 137. As authority for the contention that he had no place to go after an adverse decision by the Board, the petitioner cites *Sevinskey v. Wagus,* 76 Md. 335, 25 A. 468. What was decided there was that the Legislature had no power under the Constitution to confer original jurisdiction upon the Court of Appeals (not the judges) to grant the writ of habeas corpus.

Notwithstanding the allegation that the petitioner's application has been refused, it appears from the letter of the Board of April 9, 1940, filed as an exhibit to the petition, that the application was still open pending the submission of further evidence "to afford assurance that he has performed work of a satisfactory character." The petitioner declined to proceed before the Board, concluded that he had furnished enough evidence of fitness and experience to entitle him to a certificate, and to accomplish his purpose sought a mandamus. His chief contention seems to be that the Board is pursuing a method of inquiry not authorized by section 16 of the Act, and that is by an examination. Section 16 provides that certificates shall issue "without oral or written examination" to residents of the State for at least one year preceding the date of application, practicing professional engineering when the Act became effective, "and has performed work of a character satisfactory to the Board."

If a method is pursued contrary to a statute, or standards of qualification set up not authorized or prescribed by it, mandamus will lie to compel the observance of the law according to its language, meaning, and intent. Or, it may be issued to compel a hearing or to come to a decision. *Miles v. Stevenson,* 80 Md. 358, 364, 30 A. 646; *Manger v. Board of State Medical Examiners,* 90 Md. 659, 45 A. 891; *Maryland State Funeral Directors As-*

*sociation v. State Board of Undertakers*, 150 Md. 294, 133 A. 62; *Weer v. Page*, 155 Md. 86, 141 A. 518. The record of the proceedings before the Board is incorporated in the record here, and it shows no request or demand that the petitioner submit to either a written or oral examination. All the Board asks him to supply is evidence that he has "performed work of a satisfactory character," and section 16 of the Act of 1939, ch. 752, requires the Board to receive such evidence. In his original and amended application there is nothing to indicate the character of applicant's work. All it asks is information, which only the applicant can give.

We do not find in this record, which is made up of the petition and the record of the Board, that the Board has refused to act, has acted arbitrarily or in a manner at variance with the Act of 1939. If and when the petitioner's application is pursued to a decision, the next step, if the result is adverse to the applicant, is an appeal to the Supreme Bench of Baltimore, which, under the Constitution and the Act of 1939, ch. 752, has the power to hear the appeal.

For the reasons given, the order appealed from will be affirmed.

*Order affirmed, with costs to the appellees.*