252 So.2d 319

**ALABAMA STATE BOARD OF PHARMACY**

v.

**David Martin PETERSON, John L. Lee and Gerald F. Rhea, Sr.**

**1 Div. 19, 19–A, 19–B.**

Court of Civil Appeals of Alabama.

Aug. 4, 1971.

Rehearing Denied Sept. 8, 1971.

202

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for appellant.

Diamond & Lattof, Mobile, for appellee David Martin Peterson.

Caffey, Gallalee & Edington, and Horace Moon, Jr., Mobile, for appellee John L. Lee.

After an interview by the Board with these applicants, a consideration of the affidavits submitted with the applications, and a reconsideration of the testimony and exhibits, the Board refused to grant licenses as assistant pharmacists to these applicants.

From the refusal to license them, the applicants appealed said Board's decision to the Circuit Court of Mobile County.

To each notice of appeal there was a plea in abatement filed by the Board.

The Board also filed an answer in each appealed case.

Without ruling on the pleas in abatement, and without an objection being interposed by the Board raising this point, the trial court proceeded to hear the appeals de novo.

At the conclusion of the hearing, the trial court entered an order requiring the Board to grant licenses as assistant pharmacists to these applicants.

From these orders, the Board appealed to this court and assigned seven grounds of error.

The assignments of error raise principally two issues: (1) that the trial court erred in failing to decide whether applicants' right to review of the Board's decision denying them licenses as assistant pharmacists was by appeal or by writ of certiorari; and (2) that the trial court erred in ordering the Board to grant a license as an assistant pharmacist to each of the applicants.

BRADLEY, Judge.

David Martin Peterson, John L. Lee and Gerald F. Rhea, Sr., (hereinafter referred to as applicants) submitted applications to the Alabama State Board of Pharmacy (hereinafter referred to as the Board) for licensure as assistant pharmacists, as is authorized by Act No. 205, Section 9, Acts of Alabama 1966, Extra Session, p. 231, also found in the pocket parts of Title 46, Code of Alabama 1940, Recompiled 1958, as Section 257(a9).

The attorney for the applicant Gerald F. Rhea, Sr. has informed this court that subsequent to the filing of his appeal in this court, Gerald F. Rhea, Sr. died. The attorney for the said Gerald F. Rhea, Sr. now moves this court to dismiss this appeal. We will grant the motion. The appeal of Gerald F. Rhea, Sr. is dismissed.

As to issue number 1, the Board says that the licensing of persons as assistant pharmacists is a legislative function and not a judicial function. It also contends that

where court review is sought of an agency exercising such legislative powers, it must be done by the writ of certiorari rather than by a trial de novo. As authority for this position, the Board cites us to the case of Ball v. Jones, 272 Ala. 305, 132 So. 2d 120.

The applicants counter by saying that the Board waived its pleas in abatement when it failed to object to going to trial on the merits' without a prior ruling on its said pleas, and citing us to Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327.

The applicants also say that the decision of the Board denying their request for licensure was a quasi-judicial act or function and that the procedure for reviewing such an act is set out in Section 22 of Act No. 205, supra.

Section 22 of Act No. 205, supra, provides:

"Judicial review of orders of board. From any order of the Board any party affected thereby may appeal such ruling to the circuit court of the county where the party aggrieved resides within thirty (30) days from the receipt of such order or ruling. The trial in the circuit court shall be de novo."

The Board responds to this argument by saying that Section 22 of Act No. 205 provides a review method for disciplinary matters only, i. e., situations where the Board is seeking to suspend or revoke a license already granted for some infraction of the statute or rules promulgated thereunder. In the instant case the Board contends that the controversy is over the refusal to grant a license, not the suspension or revocation of an existing license.

The Board asserts that the method of review provided in Section 22 does not apply to a decision denying a license to an applicant.

We must agree with the applicants that the Board's pleas in abatement are not before this court for review for the reason that there was no ruling on the pleas in the trial court. In the absence of an adverse ruling by the trial court, an appellant brings nothing to an appellate court for review. Cash v. Usrey, 278 Ala. 313, 178 So.2d 91; and Evans v. Evans, 264 Ala. 2, 84 So.2d 337.

In the instant case the Board failed to obtain a ruling on its pleas from the trial court, and, therefore the issues raised by said pleas are not before us for review.

However, the question of whether or not the trial court was acting within its power and authority in reviewing the decisions of the Board denying licenses to the applicants as assistant pharmacists by using the review procedure provided in Section 22 of Act No. 205, or whether it should have used a different review procedure is before us.

Jurisdictional issues can be considered at any step of the proceedings, whether it be at the trial or appellate level; and, the court can take cognizance of such a question either at the suggestion of the parties or ex mero motu. City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606; and Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582.

The Board, in brief, has said that Section 22, supra, is not appropriate for use by the courts in reviewing its denial of the licenses to the applicants. Instead, it says, the applicants should have sought review of its action by way of writ of certiorari.

The rationale of its contention is that the denial of a license is in the nature of a quasi-legislative act and can be reviewed only to the extent of ascertaining whether its decision was arbitrary, capricious, or exceeded its authority.

The case of Ball v. Jones, supra, cited by the Board in its brief, was decided on the theory that the enactment of zoning ordinances is a legislative function that has been delegated to a municipality by the legislature, and judicial review of such enactments is limited to constitutional issues and wheth-

er or not the enactments are arbitrary, unreasonable, or unlawful.

In that case the statute giving a municipality zoning power also provided that review of the adoption of zoning ordinances by said municipality will be by trial de novo in the Circuit Court.

The Supreme Court there held that such a statutory provision was unconstitutional in that it was invasive of the legislative branch of government since the enactment of a zoning ordinance was a legislative function.

The court then said that, although the judiciary had the right to review an arbitrary, unreasonable or unlawful exercise of such authority, the effect of the review procedure set out in the zoning statute was to invade the legislative branch of government and clothe the courts with the power to legislate. This, it said, could not be done.

Our view of the present controversy is that the question presented to the Board for answer was more in the nature of a judicial function than a legislative function.

As a matter of fact, the Board was only required to apply the statutory requirements to the facts contained in each man's application, and then decide whether to license or not. This certainly has more of the overtones of the adjudicatory process than it does the legislative process.

The judicial or adjudicatory process always envisions the application of the law, be it statutes or rules, to the facts gleaned from fact-finding efforts.

Hence, we do not believe that Ball v. Jones, supra, is controlling in the matter now before us.

We would also point out that where the Legislature has provided a method of review (Section 22, supra) of the judicial and quasi-judicial orders of an administrative agency, and the aggrieved parties have undertaken to follow this statutory method of review, the court will not be placed in error by permitting such method of review.

It was said in Carter v. Board of Trustees of Policemen and Firemen's Retirement Fund of City of Gadsden, 42 Ala.App. 99, 154 So.2d 43, that:

"Judicial review of the action of an administrative agency is not an inherent right, but is governed entirely by statute. (Citations omitted.)"

Also, in Stark v. Christie, et al., 179 Md. 276, 19 A.2d 716, the Court of Appeals of Maryland said:

"* * * It has been decided by this Court that, when an appeal is prescribed by the Legislature from the action of any administrative body, the procedure, whatever it is, must be observed."

So far as the present controversy is concerned, we believe that the Legislature has provided a method of review for persons who have been denied licenses to practice as assistant pharmacists, and, should these aggrieved persons pursue this remedy, the trial court will not be placed in error for allowing it.

The Legislature, in Section 22, supra, specifically said:

"From *any* order of the board *any party affected* thereby may *appeal* such ruling to the circuit court of the county where the party aggrieved resides. * * * The trial * * * shall be de novo." (Emphasis supplied.)

The word "any" is very broad. Webster's Third International Dictionary gives the following definition:

"* * * unmeasured or unlimited in amount, number or extent. * * *"

We give to the phrase, "From any order of the board * * *" its literal meaning. We believe that was the intention of the Legislature, i. e., to require review of any or all judicial or quasi-judicial orders of the Board by the method provided in its statute.

We further consider the language of the statute to be plain and lucid and not requiring interpretation.

Where the language of a statute is plain and unambiguous, its literal meaning must be given effect, and no room is thereby accorded the courts for interpretation. Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256.

We are of the opinion that the hitherto mentioned language of Act No. 205 must be accorded its literal meaning, and that is, the decision of the Board to deny licensure may be reviewed only by the method prescribed by the statute itself. In this case it is the procedure outlined in Section 22 of Act No. 205.

Furthermore, this same statute provides that the trial court shall review such order of the Board by trial de novo.

The courts of this State have construed trial de novo to be one which calls for a re-trial of the issues as if no hearing had taken place before the one in question. Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406. Also, the trial court, in the absence of statutory directives will enter a new and independent decision. Ball v. Jones, supra.

In the case at bar the trial court heard the matter anew or from the beginning, and on the basis of the pleadings and the evidence rendered an independent judgment.

The procedure followed was in keeping with the directives of the statute, i. e., Act No. 205, and the case law of this State.

We therefore conclude that the court acted within its jurisdiction in deciding the issues before it.

We now come to the question of whether or not the trial court erred in ordering the Board to grant assistant pharmacists' licenses to the applicants. We will, of course, concern ourselves only with the applications of David Martin Peterson and John L. Lee.

■ In the matter of the application of David Martin Peterson, the facts show that Mr. Peterson was employed as an assistant to a pharmacist licensed in Alabama for a period of 12 years out of the 15 year period required by Section 9 of Act No. 205, supra, prior to his application for licensing, and was employed as an assistant to a pharmacist licensed in the State of Georgia for 3 years out of the 15 year period required by said section.

The question presented to the trial court and to this court is whether or not the 3 year period in which Mr. Peterson was employed in the State of Georgia can be considered as a part of the 15 successive year period required by Section 9.

The trial court answered the question in the affirmative and, in effect, held that the 3 years spent under a pharmacist licensed in Georgia in addition to the 12 years under a pharmacist licensed in Alabama met the requirements of Section 9, wherein it is provided:

"* * * that he has filled prescriptions under the supervision of a licensed pharmacist over a period of at least fifteen (15) successive years next preceding the offer * * *"

We are of the opinion that the trial court misapplied the law.

Although the Legislature did not, in the words, "* * * under the supervision of a licensed pharmacist * * *" as set out in Section 9, specifically provide that the pharmacist was to have been licensed in Alabama, it did provide in Section 2, the "Definitions" section of Act No. 205, that:

"(b) Pharmacist shall mean any person licensed by the Alabama state board of pharmacy to practice the profession of pharmacy in the state of Alabama and whose license is in good standing."

By its very terms, the Legislature has provided that the term "licensed pharmacist" means a pharmacist licensed in Alabama.

To us the legislative meaning is clear and unambiguous and permits of no other interpretation.

The facts relating to the application of Mr. Peterson are undisputed that 3 of the 15 successive years required of an applicant to have been served in the employ of a licensed pharmacist were spent in the employ of a pharmacist licensed in Georgia.

In applying the legislative requirements of Act No. 205 to the application for licensure of Mr. Peterson, the conclusion is inescapable that he is not entitled to be licensed as an assistant pharmacist in the State of Alabama.

The trial court, in our opinion, misapplied the law to the facts in the case of Mr. Peterson, and its decision must be reversed.

█ In the matter of the application for licensure of John L. Lee, the facts are that Mr. Lee stated in his application that he had been employed as a full-time assistant pharmacist since 1952 except for two periods, one from the latter part of 1952 to 1954, and the other from December 1963 to November 1965.

During the period 1952 to 1954 Mr. Lee was working for the Mobile Cigar and Tobacco Company as a salesman. At this same time he was working part time as an assistant pharmacist at Crichton Pharmacy.

In the second period mentioned Mr. Lee was operating a wholesale drug business and working part time as an assistant pharmacist in three retail drug establishments. He stated that the hours worked per week as an assistant pharmacist during the periods in question would be from 25 to 50 hours. He further stated that his principal income turned out to be from his pharmacy work rather than his wholesale business.

The affidavits submitted to the Board and to the trial court tended to support Mr. Lee's testimony concerning the number of hours he put in as an assistant pharmacist.

The Board considered that the statute in question required an applicant to have spent 15 successive years as an assistant pharmacist in full time employment.

But there was no rule promulgated by the Board and made a part of the pleadings of this case requiring the trial court to consider such a rule in its decision. All we have before us from the record is a suggestion that this was the policy of the Board. We think something more specific is required in order for the trial court to be bound in its decision. Furthermore, there was no mention in the record of an hourly standard that had to be met in order to comply with the Board's apparent policy of full time employment as an assistant pharmacist.

The trial court did not specify in its judgment whether the criteria was on the same basis as the Board's or not. It simply stated that based on the evidence, Mr. Lee was entitled to licensure as an assistant pharmacist.

Section 9 of Act No. 205, provides, in pertinent part, as follows:

"* * * *that he has filled prescriptions* under the supervision of a licensed pharmacist *over a period of at least fifteen (15) successive years* next preceding the offer of such proof. * * *" (Emphasis supplied.)

The wording of the pertinent part of the statute is rather broad and, in our view, is subject to interpretation. It is not so precise as to eliminate the need for construction.

The prime object of statutory construction, "is to ascertain the legislative intention as disclosed by all the terms and provisions of the Act in relation to the subject of legislation and the general object intended to be accomplished." Alabama Pine Co. v. Merchants' & Farmers' Bank, 215 Ala. 66, 109 So. 358.

In the instant case we feel certain that the object of the legislation was to regulate the practice of pharmacy so as to protect the health of the people of this State. In

so doing, the Legislature obviously considered that persons who had been filling prescriptions for a long period of time, although lacking possibly the educational and other requisites required of licensed pharmacists, should nevertheless be licensed assistant pharmacists.

We think that the Legislature, in prescribing a lengthy period of apprenticeship for a person to serve in order to be licensed as an assistant pharmacist without also specifying in more detail the terms of that apprenticeship, purposely did so in order to give the administrative agency a little more leeway in assessing each applicant's qualifications for licensure.

Under these conditions then, and absent any more specific requirements by the appellant, the criteria for assessing the work periods of an applicant would be one of reasonableness.

We consider the evidence showing that the applicant, John L. Lee, worked 25 to 50 hours per week filling prescriptions during the periods in question as being a reasonable satisfaction of the requirements of Section 9 of Act No. 205, and that the judgment of the trial court requiring the Board to license Mr. Lee as an assistant pharmacist as being amply supported by said evidence.

Had the Board promulgated a rule and this rule been made a part of the pleadings and the basis of its decision prescribing the hours and days that would have to be worked in order for a person to be employed full time within the meaning of Section 9, supra, we would, of course, have been faced with a different question requiring a different approach to the answer.

We were cited to no such rule.

It is our opinion that the review procedure followed by the trial court was correct and that the judgment of the trial court in the matter of the application for licensure of John L. Lee was also correct.

It is also our opinion that the trial court misapplied the law to the facts in the mat-

ter of the application for licensure of David Martin Peterson, and its judgment is thereby incorrect and must be reversed.

The judgment of the trial court relating to the licensure of John L. Lee is affirmed; and the judgment of said court relating to the licensure of David Martin Peterson is reversed and rendered.

Affirmed in part; reversed and rendered in part.