This is an unemployment compensation case.
The plaintiff-claimant, Evelyn Page, had been employed by the Northeast Alabama Regional Medical Center as a food server for a number of years. She was discharged for allegedly falsifying a sick leave slip. After her termination she filed a claim for unemployment compensation benefits. This claim was denied and, after exhausting the administrative appeal process, claimant filed notice of appeal to the Circuit Court of Calhoun County.
After a hearing the circuit court found for claimant and awarded her unemployment compensation benefits. The Department of Industrial Relations appeals from that judgment.
The Department argues here that the hearing before the circuit court is de novo and that the claimant has the burden of proving not only that he or she is eligible for benefits pursuant to §25-4-77, Code of Alabama 1975 (formerly Title 26, section 213-C, Code of Alabama 1940) but also that he or she is not disqualified to receive benefits pursuant to § 25-4-78, Code of Alabama 1975 (formerly Title 26, section 214, Code of Alabama 1940, as Recompiled 1958).
In the case at bar the trial court found that ". . . plaintiff made application for Unemployment Compensation benefits as prescribed by law, and continued to sign up for benefits, thereby *Page 265 
demonstrating her availability for employment during the pendency of her appeals." The Department contends that the record is devoid of any evidence supporting this finding by the circuit court. In the absence of evidence supporting this finding, argues the Department, claimant has failed to prove that she was eligible for benefits; hence she has failed to carry the burden placed upon her by the law and her claim must fail. We agree.
In the case of State Department of Industrial Relations v.Thomas, 55 Ala. App. 712, 318 So.2d 739 (1975), the contention was, as here, that claimant had failed to prove that she was eligible for benefits under Title 26, section 213, Code of Alabama 1940, as found by the trial court, and therefore was not entitled to unemployment compensation benefits. We said that to be eligible for benefits under section 213, one must be able and available for work. We further held that in order for a claimant to recover unemployment benefits, proof must be made that he or she is eligible for benefits under section 213, Code of Alabama 1940, and that he or she is not disqualified to receive benefits under section 214, Code of Alabama 1940.
In the Thomas case there was no evidence that the claimant was eligible for benefits as required by section 213 and we reversed. Likewise, in the case at bar, there is no evidence to support the trial court's finding that the claimant was eligible for benefits under section 213; consequently we must reverse. We would further note that the record fails to show that claimant was relieved of this burden by stipulation or otherwise.
The Department has moved this court to strike that portion of claimant's brief which refers to certain portions of the record on appeal.
The portion of the record in controversy consists of those materials certified and filed in the circuit court on June 8, 1977 by the Department and as required by § 25-4-95, Code of Alabama 1975.
Section 25-4-95 provides in pertinent part as follows:
 The director shall cause to be certified and filed in the said court all documents and papers introduced in evidence before the board of appeals or appeals tribunal, together with the findings of fact and the decision of the board of appeals or the appeals tribunal, as the case may be.
The Department argues that these materials were not introduced into evidence on the hearing of the merits of this controversy and therefore were not, and could not have been, considered by the trial court in reaching its decision in this case. Consequently, no good purpose is served by including these materials in the appeal record filed with this court.
Also, the Department says that claimant did not comply with Rule 10 (b)(1) of the ARAP by counter-designating the portion of the record in controversy as a portion of the appeal record and therefore she cannot refer to and rely on it in her brief filed here.
We are unable to agree that the trial judge erroneously included in the record on appeal the material certified by the Department to the trial court. Section 25-4-95, Code of Alabama 1975, further provides:
 No circuit court shall permit an appeal from a decision allowing or disallowing a claim for benefits unless the decision sought to be reviewed is that of an appeals tribunal or of the board of appeals and unless the person filing such appeal has exhausted his administrative remedies as provided by this chapter. Trial in the circuit court shall be de novo.
This statute requires the material in question to be certified to the trial court in order to establish that the administrative process has been completed. The completion of the administrative process, along with the notice of appeal, gives to the circuit court jurisdiction to try the case. It has also been determined that material similar to that required by § 25-4-95 could be used by the trial court to assist in establishing the issues to be decided by the trial court. See Fulmer v. Board of ZoningAdjustment of Hueytown, 286 Ala. 667, *Page 266 244 So.2d 797 (1971) (concurring opinion of Chief Justice Heflin). For these purposes, the material was properly included in the record. However, if the material was included for the purpose of supporting the trial court's decision based on the de novo hearing, the trial court is in error.
We said in Department of Industrial Relations v. Jaco, Ala.Civ.App., 337 So.2d 374 (1976) that a trial de novo means "another trial," and that there is no need, because of this type review, for any other statement in the notice of appeal to the circuit court than that the department's order is incorrect on the facts or the law. A trial de novo calls for a retrial of all the issues as if no hearing had previously taken place. AlabamaState Board of Pharmacy v. Peterson, 47 Ala. App. 201,252 So.2d 319 (1971).
Claimant's appeal to the circuit court for a trial de novo vacated the decision made by the Department's board of appeals. In this type of review the circuit court does not affirm or reverse the board's decision, but rather, renders a new, distinct, and independent judgment as may be required by the merits shown on the trial. See Tarver v. Household Finance Corp.,47 Ala. App. 273, 253 So.2d 333 (1971); Louisville Nashville R.Co. v. Lancaster, 121 Ala. 471, 25 So. 733 (1898); and Abraham v.Alford, 64 Ala. 281 (1879) (discussing appeals from judgments of justices of peace courts for trial de novo in circuit courts).
In the case at bar the only witness to testify in the circuit court was the claimant and the record does not show that the proceeding in the Department culminating in the appeal to the circuit court was introduced into evidence at the hearing before the trial court. Consequently, we can only conclude that the departmental proceeding did not thereby enter into nor form a part of the circuit court's decision.
The controversial portion of the record on appeal, not having been introduced into evidence and not forming a part of the decision of the trial court, will not be considered by this court in deciding the appeal. Hence, the Department's motion to strike a portion of appellee's brief is denied.
MOTION TO STRIKE DENIED.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.