INGRAM, Presiding Judge.
Edward L. Mason and other property owners in the Green Valley Lake Estates subdivision in the city of Southside (appellants) appeal from an order of the trial court dismissing, for want of jurisdiction, their complaint challenging action taken by the Southside Board of Zoning Adjustment (board). The trial court found jurisdiction lacking because the issue in question was not properly raised during proceedings before the board in which the variance request of Tyler Howell, an owner of two adjacent lots in Green Valley Lake Estates, was considered. The issue before us in this appeal is whether the trial court erred in dismissing the appellants’ complaint.
Initially, we note that § 11-52-81, Ala.Code 1975, provides that any party aggrieved by a final judgment or decision by a board of adjustment may appeal the judgment or decision to the circuit court for a trial de novo. When an aggrieved party appeals a decision of a board of adjustment to the circuit court, it is an established principle that the issues are limited to those that were brought before the board. Lawless v. Smith, 481 So.2d 1144 (Ala.Civ.App.1985).
In the case at bar, the record reveals the following pertinent facts: Tyler Howell filed an application for a variance *853 after being informed by the mayor of Southside that a house which was moved onto one of the lots that Howell owned was in violation of the side yard and rear yard setback provisions of the Southside zoning ordinance. Prior to filing his application for a variance, however, Howell transferred two additional feet from one lot to the other in an attempt to comply with the side yard setback requirement. Therefore, in his application for a variance, Howell requested a variance only with respect to the rear yard setback requirements of the zoning ordinance.
The transcript of the proceedings before the board indicates that the board believed that the zoning ordinance required a 10-foot side yard setback and that the requirement had been met by the transfer of the additional two feet. As a result, the board granted Howell a rear yard setback variance, but took no action regarding a side yard setback variance.
On appeal to the trial court the appellants challenged only the side yard setback violation. The appellants attempted to establish that the board erred in finding that the side yard setback requirements had been met.
In its order dismissing the action, the trial court noted that the zoning ordinance requires a 15-foot side yard setback, and that Howell’s lot, even with the additional two feet, provided a side yard setback of only 10.5 feet. Although the trial court noted that the appellants were perhaps correct in their argument that the board was mistaken, the court found that the issue of the side yard setback violation was not properly before the court.
After carefully reviewing the record before us, we find no error in the trial court’s dismissal of this action. As noted above, § 11-52-81 provides that only final judgments or decisions of boards of adjustment may be appealed. Here, the property owner seeking the variance did not request relief from the side yard setback requirements; therefore, the board took no action regarding such a variance. Although there was some discussion of the side yard setback requirement at the proceedings before the board, the transcript from those proceedings clearly indicates that the board did not treat the application as one for a side yard setback variance.” In light of this, we find that the trial court properly dismissed the appellants’ action for want of jurisdiction. This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.