244 So.2d 797

Susie W. FULMER

v.

The BOARD OF ZONING ADJUSTMENT OF HUEYTOWN, Alabama.
6 Div. 570.

Supreme Court of Alabama.

Feb. 25, 1971.

Beavers, Shannon & Harrison, Birmingham, for appellant.

Norman K. Brown, Bessemer, for appellee.

LAWSON, Justice.

This is an appeal by Mrs. Susie W. Fulmer from a judgment of the Circuit Court of Jefferson County, Bessemer Division, dismissing an appeal taken to that court by Mrs. Fulmer from a final decision of the Board of Zoning Adjustment of Hueytown denying her petition to be permitted to operate an antique shop and interior decorating service in her home at 3031 Briarcliff Road in the City of Hueytown.

The judgment dismissing the appeal was not rendered until after a demurrer interposed to Mrs. Fulmer's "Petition," as first amended, was sustained, and until after a judgment sustaining demurrer to the "Petition" as amended the second time was rendered.

The judgment from which this appeal was taken reads:

"This cause, being an appeal to be tried de novo in this court as provided for by Title 37, Section 783, Code of Alabama, and said cause, coming on to be heard upon Appellant's petition, complaint or application, as filed in this court and as last amended in this cause, for a variance from the terms of the zoning ordinance of the City of Hueytown and upon Appellee's motion to dismiss the petition, complaint or application for such variance, the Court having read and understood the petition, complaint or application as last amended and upon consideration of Appellee's motion to dismiss the Court is of the opinion that said petition, complaint or application is insufficient to apprise the Court of the issue to be tried on this appeal and that said petition, complaint or application is insufficient to justify the granting of a variance from the terms of the zoning ordinance of the City of Hueytown as provided by law and that at most said petition, complaint or application alleges the existence of a non-conforming use as to appellant's property which non-conforming use, the Court holds as a matter of law does not constitute grounds for a variance. The Court having heretofore sustained Appellee's demurrer and the Appellant having failed to state in her petition, complaint or application, as last amended, anything legally sufficient upon which the Jury or the Court would be authorized to grant a variance as provided by law and the Appellee having renewed its motion for dismissal, the Court is of the opinion that said motion to dismiss the petition, complaint or application, as last amended, should be granted.

"It is therefore considered and ordered by the Court and it is the judgment of the Court that said appeal be and the same hereby is dismissed to which ruling the Appellant duly and legally excepts.

"It is further ordered that the costs of the proceeding be and they are hereby taxed against Appellant."

On January 17, 1967, Mrs. Fulmer filed with the Board of Zoning Adjustment of Hueytown, sometimes hereinafter referred to as the Board, a mimeographed form, the opening paragraph of which reads:

"A PETITION: To establish a use and/or occupancy of land(s), building(s) and/or structure(s) not in conformance with the existing pattern of uses and/or occupancies within the immediate vicinity of the herein proposed site and/or location * * *"

Spaces in the form were filed in so as to indicate that Odis M. and Susie W. Fulmer were the owners of property located at 3031 Briarcliff Road in Hueytown. Susie W. Fulmer is shown on the form to be the "APPLICANT" and the "PRINCIPAL USE APPLIED FOR" is shown on the form to be "Antique Shop and Interior Decorating Service." The form was not complete in that answers were not given to some of the questions.

We are not certain what name, if any, should be given to the mimeographed form which Mrs. Fulmer filed on January 17, 1967, other than to say that it was a "Petition." Nor are we certain of the relief which the "Petition" sought. For the purpose of this appeal we will consider it as being a "Petition" seeking a variance from the terms of some undesignated provision of a zoning ordinance of the City of Hueytown, since Mrs. Fulmer, the Board and the trial court seem to have so considered it.

■ When so considered, the "Petition" which had been certified to the Circuit Court, as required by § 783, Title 37, Code 1940, was subject to the demurrer interposed in the Circuit Court. The "Petition" did not show the use to which Mrs. Fulmer's property at 3031 Briarcliff Road was restricted or the provision of the ordinance

applicable thereto. Those deficiencies, in our opinion, rendered the "Petition" altogether inefficacious as a pleading on which relief could be granted in the Circuit Court. See The Law of Zoning and Planning, by Arden H. Rathkopf, Vol. 2, Chapter 64, p. 64–1.

■ The population of Hueytown is listed as 5,997 in the 1960 federal census, hence the trial court could not take judicial notice of any ordinance of that city. —Act 193, approved June 18, 1943, Acts of Alabama 1943, p. 183; 1958 Recompiled Code of Alabama, Title 7, § 429(1); Value Oil Co. v. City of Northport, 284 Ala. 103, 222 So.2d 358; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689.

■ The "Petition" filed by Mrs. Fulmer with the Board in January of 1967 did not indicate that she was attempting to appeal from a decision of any officer, department, board or bureau of the City of Hueytown. It is our construction of § 781, Title 37, Code 1940, that boards of zoning adjustment deal with petitions or applications for variances only on appeal from a decision of an officer, department, board or bureau of a municipality. When such an appeal has been taken to a board of zoning adjustment, § 781, Title 37, supra, gives to the board of zoning adjustment the power:

"* * * to authorize * * * in special cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. * * *"

See Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244.

■ The "Petition" filed by Mrs. Fulmer with the Board in January of 1967 does not contain any averment tending to show that the variance would not be contrary to the public interest. Consequently, in our opinion, when that "Petition" was certified to the Circuit Court it was not sufficient as a pleading to authorize the court to grant a variance.

The deficiencies in the petition of January, 1967, which we have pointed out above were not cured by the amendments filed by Mrs. Fulmer after her appeal reached the Circuit Court.

We entertain the view that Mrs. Fulmer's "Petition" as last amended was subject to the demurrer interposed thereto and that the trial court did not err in sustaining the demurrer.

■ As shown above, the trial court in its decree used the following language: "* * * that at most said petition, complaint or application alleges the existence of a non-conforming use as to appellant's property which non-conforming use the Court holds as a matter of law does not constitute grounds for a variance. * *" If the language just quoted was intended to convey the idea that a board of zoning adjustment cannot under any circumstances authorize a non-conforming use, then we are constrained to disagree. This court held to the contrary in Nelson v. Donaldson, supra, which holding has been approved in the following cases: Water Works Board of City of Birmingham v. Stephens, 262 Ala. 203, 78 So.2d 267; Board of Zoning Adjustment for City of Lanett v. Boykin, 265 Ala. 504, 92 So.2d 906; City of Mobile v. Sorrell, 271 Ala. 468, 124 So.2d 463; Arant v. Board of Adjustment of City of Montgomery, 271 Ala. 600, 126 So.2d 100; City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642; Zoning Board of Adjustment of City of Mountain Brook v. Wright, 283 Ala. 654, 220 So.2d 261.

■ Although we are in accord with the action of the trial court in sustaining demurrer to the "Petition" as amended, we entertain the view that Mrs. Fulmer should

be permitted again to amend her petition in an effort to comply with the provisions of § 781, Title 37, *supra*. If such an amendment is made and it is not sufficient to comply with the views expressed in this opinion, then it is subject to dismissal.

Reversed and remanded.

MERRILL and HARWOOD, JJ., concur; HEFLIN, C. J., and MADDOX, J., concur specially.

HEFLIN, Chief Justice (concurring specially).

I concur that the cause should be reversed and remanded.

Section 783 of Title 37, Code of Alabama, is as follows:

"Any party aggrieved by any final judgment or decision of such board of zoning adjustment, may within fifteen days thereafter appeal therefrom to the circuit court or court of like jurisdiction, by filing with such board a written notice of appeal specifying the judgment or decision from which appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the cause to be certified to the court to which the appeal is taken and the cause in such court be tried de novo."

It is my opinion that one of the reasons for the requirement that a transcript of the proceedings before said board be certified to the court is to inform the court of the issues involved. Since any ordinance which is not judicially noticed would have to be properly introduced in evidence before the court on the de novo trial, it is my opinion that its introduction suffices even if a verbatim copy of the ordinance is omitted from the transcript of the proceedings before said board.

MADDOX, Justice (concurring specially)

I concur in the result reached that this cause should be reversed and remanded to the Circuit Court. As I read § 783 of Title 37, an aggrieved party may appeal from a decision by the Board of Adjustment by filing with the Board a written notice of appeal specifying the judgment or decision from which appeal is taken and once this notice is filed, as it was in this case, the cause is in the jurisdiction of the Circuit Court.

In my judgment, our statutes do not require that any petition or pleading be filed in the Circuit Court and I do not believe that the general rules of pleading set out in Article 3, Title 7, [§§ 212–217(1)] are applicable to appeals taken from judgments or decisions of Boards of Adjustment. A check of some of the original records of this Court involving appeals from decisions of Boards of Adjustment indicate that the general practice is that no additional pleadings are filed in the Circuit Court.

Since the trial is de novo, a settling of the issues could be required in the Circuit Court and I feel that the Legislature has granted authority to the Circuit Courts to make such requirements in Title 13, § 126, Code, which provides:

"The circuit court has authority:

* * * 6. To prescribe rules and regulations as to pleadings and practice, as to the time of filing and settling pleadings, and to make any orders, rules, and regulations, which must be spread on the minutes of the court, and to enforce the same, which may expedite the business of the court, when such orders, rules, or regulations are not contrary to the constitution and statutes of this state, or to the rules adopted by the supreme court. (1915, p. 608.)"