This appeal is the result of a judgment by the Circuit Court of Etowah County granting appellee's (defendant below) motion for *Page 470 
summary judgment. Appellant (plaintiff below) contends that the circuit court's dismissal of his action deprived him of the opportunity to appeal the final judgment or decision of a board of zoning adjustment as provided in Title 11, chapter 52, section 81, Code of Alabama 1975 (formerly Title 37, section 783, Code of Alabama 1940 [Recomp. 1958]).[1]
In June of 1977 Mr. H.M. Freeman requested that the appellee (the Board of Adjustment for the City of Gadsden) permit the operation of a United States Army Reserve facility in an unused elementary school which was located in an area zoned for one family residences. Notice of a proposed hearing on Freeman's request was subsequently published in the Gadsden Times and on June 30, 1977 a hearing on the matter was held by the Board of Adjustment. At the completion of the hearing the Board granted Freeman's application for a zoning variance.
On July 13, 1977, within fifteen days after the Board's decision to grant a variance, four persons filed an appeal to the circuit court in an effort to have the decision of the Board reversed. All four of these persons subsequently withdrew as parties to the appeal. However, on October 19, 1977, the date of the last of the original four persons' withdrawal from the case, the appellant (A.J. Lindsey) filed a motion requesting that he be included as a plaintiff in the suit for the purpose of continuing the original plaintiffs' appeal to the Etowah County Circuit Court.[2] Two days later the circuit court dismissed the original plaintiffs and agreed to Lindsey's request, stating, "The motion of A.J. Lindsey, to be added as a plaintiff be and the same is granted." Thus, Lindsey became the only party seeking a reversal of the Board's decision to grant a zoning variance.
Shortly after Lindsey became a party to the appeal of the decision by the Gadsden Zoning Board, the Board filed a motion for summary judgment on the ground that there was no genuine issue as to any material fact and that defendant (the Board of Adjustment) was entitled to a judgment as a matter of law. The grounds on which the Board's motion was based were essentially two-fold. First, the Board asserted that Lindsey's suit was a separate and distinct cause of action from that of the four initial plaintiffs. Second, the Board argued that the fifteen day limitation period for appealing a decision by the Board had expired when Lindsey entered the suit in question. Attached to the Board's motion for summary judgment was a memorandum of law which was premised on the contention by the Board that there could not be a complete substitution of parties in a case once the applicable statute of limitations had run.
Based on the Board's motion and the memorandum submitted in support thereof, the circuit court granted a summary judgment on behalf of the Board of Adjustment for the City of Gadsden and dismissed Lindsey's suit. From that judgment Lindsey brings this appeal.
We believe that the circuit court properly granted the Board's motion for summary judgment and therefore affirm.
A motion for summary judgment should be sustained where there is no doubt as to the resolution of a question so essential *Page 471 
that the party against whom it is resolved cannot prevail.Fishman v. Teter, 133 F.2d 222 (7th Cir. 1943). Moreover, a person seeking judicial review of a decision by an administrative body — such as a zoning board — must initiate his or her appeal within the period of time prescribed by statute. 73 C.J.S. Public Administrative Bodies and Procedure
§ 193. Otherwise, the court appealed to will not review the decision of the administrative body. 73 C.J.S. PublicAdministrative Bodies and Procedure § 194.
Title 11, chapter 52, section 81, Code of Alabama 1975, requires that a party aggrieved by a final judgment or decision of a zoning board must appeal to the circuit court within fifteen days of the board's decision. Lindsey admittedly did not comply with this requirement. In addition, section 81 provides that written notice specifying the judgment or decision appealed from must be filed with the board. The record demonstrates that Lindsey also failed to adhere to this provision since no written notice of appeal was filed with the Gadsden Board of Adjustment. These statutory provisions were mandatory, and without complying with them there existed no basis on which Lindsey could prevail against the Board's motion for a summary judgment. Consequently, the circuit court correctly dismissed Lindsey's action under Rule 56, ARCP.
Despite this fact, Lindsey attempts to avoid the mandates of section 81 by asserting that a defendant cannot invoke a statute of limitations solely because a new plaintiff is added to or substituted in a suit as Lindsey was in this instance.Manning v. Zapata, Ala.Civ.App., 350 So.2d 1045 (1977).[3]
Furthermore, Lindsey argues that his entrance into the proceeding appealing the Board's decision to the circuit court constituted an amendment of parties in that it added a new plaintiff to the action, and as such, the amendment related back to the initiation of the appeal by the original plaintiffs. The original plaintiffs filed their appeal within the fifteen day limitation period provided in section 81. Accordingly, Lindsey contends that his right to appeal to the circuit court was not barred by the fact that he failed to file his appeal within fifteen days of the Board's decision. We do not agree.
Our holding in Manning v. Zapata is not applicable to the present case. The question before us is whether the time limit set out in section 81 bars Lindsey's appeal to the circuit court.
Because the legislature provided a right to appeal in zoning board cases which did not exist at common law, the fifteen day time limit for appealing a board's decision is jurisdictional in nature rather than procedural. The statute which created the right to appeal from a decision or judgment by a zoning board fixed a time within which such an appeal must be taken; accordingly, the time provision is the essence of the action and the limitation thereon affects both the remedy and the right to appeal. See B.F. Goodrich Co. v. Parker, 282 Ala. 151,209 So.2d 647 (1967); Nicholson v. Lockwood Greene Engineers,Inc., 278 Ala. 497, 179 So.2d 76 (1965); Parker v. Fies Sons,243 Ala. 348, 10 So.2d 13 (1942). Thus, compliance with the fifteen day time period within which appeals must be filed is a condition precedent to the right to maintain an appeal to the circuit court. Lindsey failed to comply with this time limitation. And in view of the fact that the time provision of section 81 was jurisdictional, this court is not at liberty to alter or enlarge that period by resorting to the Alabama Rules of Civil Procedure. *Page 472 
Consequently, the circuit court's judgment granting the motion of the Board of Adjustment for summary judgment on the grounds that Lindsey failed to file an appeal within fifteen days of the Board's decision to grant a variance is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Title 11, chapter 52, section 81 provides in applicable part:
 "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken."
[2] Lindsey's motion was denominated a "Motion to Add Plaintiff" and contained the following language: "Comes now A.J. Lindsey in the above styled cause and requests that his name be added as Plaintiff in the matter." The Board of Adjustment did not challenge the sufficiency of Lindsey's motion nor did it move to strike his motion to add. Accordingly we will not examine the adequacy of this motion on appeal. However, we would again repeat that under Rule 7 (b)(1), ARCP, a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." See O'Donohue v. Citizens Bank, Ala.Civ.App., 350 So.2d 1049 (1977).
[3] We noted in Manning v. Zapata that an amendment adding a new plaintiff to a case relates back to the filing of the original plaintiff's suit provided the defendant is not prejudiced by the substitution of the old plaintiff for the new. As long as the claims arise from the same transaction or occurrence, and the defendant is fully apprised of a claim arising from specified conduct, and the old and new parties have an identity of interest due to the fact that their relationship in regard to the litigation (as well as their legal positions) is sufficiently analogous, the relation back will not be deemed prejudicial.