WRIGHT, Presiding Judge.
This is a zoning ease.
LaGrange Church requested a zoning variance to allow construction of a church building on property that it owned in an area zoned for residential use. The Board of Zoning Adjustment of the City of Muscle Shoals denied the variance request on February 16, 1984. LaGrange Church then sought to appeal the decision of the Board to the Colbert County Circuit Court for a trial de novo pursuant to the provisions of § 11-52-81, Code of Alabama 1975. The Board filed a motion to strike the appeal at the same time it certified the record of the proceedings before the Board to the circuit court. The Board alleged as grounds, in part, that the appeal from the Board’s decision to circuit court was not timely filed in accordance with the provisions of § 11-52-81. The circuit court granted the Board’s motion. From that order, LaGrange Church appeals to this court.
Under § 11-52-81, Code of Alabama 1975, a party may appeal from an adverse decision rendered by a board of zoning adjustment. That section reads as follows:
“11-52-81. Same — Appeals to circuit court from final decision of board of adjustment.
“Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo.”
The Board of Zoning Adjustment of the City of Muscle Shoals apparently does not maintain a separate office from the general administrative offices of the City of Muscle Shoals. Because of this, the attorney for LaGrange Church personally delivered the notice of appeal (under § 11-52-81) to several persons. On February 28, 1984, the attorney for LaGrange Church personally delivered copies of the notice of appeal to the home of the chairman of the Board, to the city clerk of the City of Muscle Shoals, and to the circuit court clerk’s office. On February 29, he handed a copy of the notice of appeal to the Board’s attorney. All *1078 were delivered within fifteen days of the Board’s denial.
The Board’s contention at trial was that the appeal by LaGrange Church was not timely filed because service of the notice of appeal was not properly obtained upon the Board within the fifteen-day period allowed by § 11-52-81.
The statutory time period within which an appeal must be taken in a zoning board case is jurisdictional in nature. Lindsey v. Board of Adjustment, City of Gadsden, 358 So.2d 469 (Ala.Civ.App. 1978). The time provision is the essence of the action, and the remedy and the right to appeal are affected by the limitation. Lindsey, supra. Compliance with the fifteen-day limit is a condition precedent to maintaining an appeal of a zoning board’s decision. Lindsey, supra.
We read the plain language of the statute, § 11-52-81, Code of Alabama 1975, to say that what is required of the aggrieved party to preserve his right to appeal an unfavorable decision by a local zoning board is to file notice of appeal with the board. The filing need not comply with the formal requirements for service of process under Rule 4, A.R.Civ.P., as contended by the Board. The purpose of the filing is only to give notice to the Board that an appeal is taken. In response to such notice, the Board must file in circuit court a transcript of its proceeding. Under the facts in this case, we consider that the Board had the required notice that La-Grange Church wished to appeal the Board’s February 16 decision, and that the required notice was given before the expiration of § 11-52-81’s fifteen-day limit.
The Board contends that the notice of appeal given by counsel to a member of the chairman’s family at his home on February 28 was not shown to have been received by the chairman within fifteen days. Such contention appears to this court to be unreasonable. In the absence of an official office of the Board, what better place for filing could there be than the handing of the notice to a member of the chairman’s family at his home? The further filings in the office of the city clerk, the city attorney and the circuit clerk clearly support a conclusion that the Board had the notice anticipated by the statute.
As we understand its position, the Board does not deny notice within fifteen days. It stands entirely upon the proposition that there was not service upon the Board of the appeal under Rule 4, A.R.Civ.P. It is clear from the statute that such service is not required. In the absence of maintenance of a separate office, the attorney for LaGrange Church in this case did everything that could reasonably have been done to give notice to or “file” with the Board. The response by the Board’s attorney in certifying the transcript to the circuit court further indicates that the Board had notice of appeal.
We therefore reverse the judgment of the trial court and remand for further proceedings according to law.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.