INGRAM, Presiding Judge.
This appeal concerns the question of whether a notice of appeal was timely filed to the circuit court pursuant to Ala.Code 1975, § 11-52-81. That section, in part, is as follows:
“Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken.”
*472 Here, the Board of Adjustment of Midland City (board) denied Virginia Evans’s request for a “Certificate of Occupancy” on December 13, 1988. On December 19, 1988, Evans wrote a letter to the board requesting a “reconsideration” of the board’s ruling. That letter, in part, is as follows:
“Please be advised that we represent the above-named, Virginia Evans, generally and she has asked that we apply for a reconsideration of the Town’s recent denial of her request for a Certificate of Occupancy.
[[Image here]]
“If this request is denied, please do so in writing so that we may seek a review of the issue before the Dale County Circuit Court.”
No response was made by the board to the above request, and on January 5, 1989, Evans filed a notice of appeal to the circuit court. The board certified the appeal, but stated that the notice of appeal was not timely filed and that the appeal was due to be dismissed. Nevertheless, the circuit court heard the case and entered a judgment reversing the board and ruling in favor of Evans. The board now appeals to this court.
We have stated that since the right to appeal in zoning board cases did not exist at common law, the 15-day time limit for appealing a board’s decision is jurisdictional in nature rather than procedural. Lindsey v. Board of Adjustment, 358 So.2d 469 (Ala.Civ.App.1978). Therefore, compliance with this time period within which appeals must be filed is a condition precedent to the right to maintain an appeal to the circuit court. Lindsey, supra. Furthermore, since this provision is jurisdictional, this court cannot alter or enlarge that period by resorting to the Alabama Rules of Civil Procedure. Lindsey, supra.
Clearly, the notice of appeal filed on January 5, 1989, came outside the 15-day time period in which to appeal. However, Evans contends that her letter to the board should be considered a notice of appeal. We disagree.
We have stated that language in pleadings and motions which are nebulous or unclear should be read in a manner most favorable to the pleader or moving party. O’Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977). However, we have also stated that such liberal treatment must be denied where the pleading or motion totally fails to inform the opposing party of the cause or issue on which the pleading or motion is based. O’Donohue, supra.
After a review of the letter set out above in a manner most favorable to the pleader, Evans, we find that we cannot treat it as a notice of appeal. It is this court’s opinion that Evans never intended for the letter to be construed as a notice of appeal. She was simply requesting the board to reconsider its earlier ruling. In fact, she asks that, if the board denies her request, it please do so in writing so that she might appeal to the circuit court. The letter clearly was not to inform the board that Evans was appealing its decision to the circuit court at that time. This is further supported by the fact that Evans actually filed a “notice of appeal” on January 5, 1989.
Evans also contends that we should treat the letter as a motion pursuant to Rule 59(e), A.R.Civ.P., and find that it suspended the time for filing a notice of appeal. As noted above, this court has stated that the time provision of § 11-52-81 is jurisdictional, and further that this court is not at liberty to alter or enlarge that period by resorting to the Alabama Rules of Civil Procedure. Lindsey, supra. Therefore, we cannot conclude that the letter suspended the time for filing the notice of appeal. In view of the above, it is clear that Evans did not comply with the statutory provision of § 11-52-81. Consequently, the circuit court did not have jurisdiction to entertain the appeal, and we have no alternative but to reverse it.
This case is due to be reversed and remanded to the circuit court with directions to dismiss this case.
*473 REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.