ROBERT P. BRADLEY, Retired Appellate Judge.
This is a zoning case.
The Lake Forest subdivision was annexed into the city of Daphne (City) in July of 1988. Prior to that time, Lake Forest was a planned unit development not located within any municipality.
Prior to annexation, the Lake Forest Property Owners Association (LFPOA) owned and maintained eight signs within the development. Two of these signs had changeable letters and were placed at the entrance of Lake Forest to display advertisements and messages regarding activities within the development. All of the eight signs were located on various medians and streets within Lake Forest.
After annexation, the City controlled the roads and medians within Lake Forest, and the eight signs were thus located on municipal property. The Daphne Land Use and Development Ordinance (Ordinance) prohibits the placement of signs within street rights-of-way. The LFPOA sought a variance from the Daphne Board of Adjustment for the nonconforming signs.
After a hearing, the Board granted the variance as to four of the signs but denied it as to the other four, including the two message signs. No appeal was taken from the Board’s decision. Two of the nonconforming signs were subsequently taken down, but the two message signs remained in place.
In July 1990 five individual members of the LFPOA, led by Carol Dolan, filed a petition in circuit court to enjoin the City from enforcing the municipal ordinance against the two message signs. The Dolan group alleged that the two signs were exempt from the city ordinance based on certain provisions included therein. The Do-lan group also challenged the constitutionality of the sign ordinance.
The City filed a motion to dismiss, which was denied, and the court entered a temporary restraining order against the removal of the signs. The Dolan group then filed a motion for joinder of the LFPOA as a party-plaintiff and this motion was granted. The LFPOA did not file a separate complaint in the action at that time.
The petition for preliminary injunction and all other issues before the court were heard in November 1990. At the close of the plaintiffs’ evidence, the court found that the Dolan group lacked standing to bring their claims as individual residents of Lake Forest and granted the City’s motion for directed verdict on the claims of the Dolan group. However, the court denied a directed verdict as to the LFPOA and granted permission for the LFPOA to file its own complaint in the matter. The hearing then went forward on the issues raised by the Dolan group’s complaint, with the LFPOA as the only plaintiff.
After the ore tenus proceeding, the trial court entered an order finding that the signs in question were nonconforming but that their use was permitted under other provisions of the city ordinance.
The City subsequently filed a motion for clarification and motion for new trial. The trial court entered an order clarifying its earlier ruling, but denied the motion for new trial. The City appeals.
We begin by recognizing that Section 11-52-81, Code 1975, provides that any party aggrieved by the decision of a board of adjustment may rnpeal for a trial de novo in the circuit court. The aggrieved party is required to file notice of such an appeal with the Board within 15 days after the Board’s decision becomes final and must provide a transcript of the Board’s proceedings to the circuit court. § 11-52-81. *1044 Failure to observe the 15-day time limit negates the right to appeal. Lindsey v. Board of Adjustment, City of Gadsden, 358 So.2d 469 (Ala.Civ.App.1978).
Although § 11-52-81 sets out the process for appeal to the circuit court rather than to an administrative body, it has been characterized by the Alabama Supreme Court as an “administrative remedy.” Lindsey. This is so because, in such appeals, the circuit court is a “glorified board of adjustment” and may hear only those issues which were properly raised before the board of adjustment. City of Homewood v. Caffee, 400 So.2d 375 (Ala.1981). The circuit court thus acts as a quasi-administrative body in reviewing the decisions of the board, and its scope of inquiry is limited to the issues that appear in the transcript of the hearing before the board of adjustment. Lawless v. Smith, 481 So.2d 1144 (Ala.Civ.App.1985).
Generally, a party seeking relief under zoning laws must first exhaust this method of “administrative” appeal before seeking relief in a court of law. City of Gadsden v. Entrekin, 387 So.2d 829 (Ala.1980). However, the “exhaustion doctrine” does not apply when the issue to be decided by the court is solely an issue of law and is not dependent upon disputed facts, such as where the constitutionality or applicability of an ordinance is challenged, Dawson v. Cole, 485 So.2d 1164 (Ala.Civ.App.1986), or when the petitioner alleges a threat of irreparable injury. Entrekin. The issues that fall within these exceptions, though collateral to the board of adjustment's determination, cannot be decided by the board because it is not authorized to decide issues of law. Caffee. These issues may be raised for the first time before the trial court, which exercises its general jurisdiction over them. Ex parte Averyt, 487 So.2d 912 (Ala.1986).
In this case, the record shows that the petitioners did raise constitutional and irreparable injury issues, which are exceptions to the “exhaustion doctrine” as stated above. However, the petitioners also introduced proof to show that the signs in question were exempt from the sign ordinance due to certain provisions contained therein.
In its order, the trial court ruled only on the issue of whether the signs were exempt from the ordinance due to these certain provisions. The City argues this issue was not an exception to the exhaustion doctrine; rather, it could have been decided by the Board and appealed therefrom within 15 days. The City points out that the issue was not raised before the Board or appealed pursuant to § 11-52-81, and thus concludes that the trial court lacked jurisdiction to enter judgment upon it.
Under § 11 — 52—80(d)(2), a board of adjustment is empowered to hear and decide special exceptions to the terms of zoning ordinances. Pursuant to this statute, the determination of whether signs were exempt from removal under the ordinance required an administrative finding of fact and the exercise of administrative discretion. The issue thus fell squarely within the requirements of § 11-52-81.
By deciding that the signs were included in the exceptions contained in the ordinance, the trial court acted as a quasi-administrative body. However, it did not have jurisdiction to do so, because the petitioners did not raise the issue before the Board and seek a review of the issue within 15 days. By failing to exhaust these administrative remedies, the petitioners foreclosed the circuit court’s jurisdiction to hear the issue on appeal de novo. Board of Zoning Adjustment v. Warren, 366 So.2d 1125 (Ala.1979); Lindsey; see also Mason v. Board of Zoning Adjustment, 574 So.2d 852 (Ala.Civ.App.1990).
The decision of the trial court holding that the signs were exempt from removal under the ordinance and enjoining the City from removing the signs from the City right-of-way is reversed and the cause is remanded for entry of judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *1045 this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.