WRIGHT, Retired Appellate Judge.
Frank O. Bastían and Carol L. Bastían appealed to the Board of Zoning Adjustment of the City of Daphne, challenging the braiding inspector’s issuance of a certificate of occupancy to their neighbors, R.J. Stevens and Rebecca B. Stevens. Following a hearing, the Board affirmed the building inspector’s issuance of a certificate of occupancy. Six days later, the Bastians filed a notice of appeal with the Board, pursuant to § 11-52-81, Ala.Code 1975.
The Board certified a copy of its minutes and records to the circuit court. Approximately four months later, after they paid a docketing fee, the circuit court docketed the Bastians’ appeal. Thereafter, the Bastians filed a complaint, adding R.J. Stevens and Rebecca B. Stevens as defendants and requesting that the trial court permanently enjoin the Stevenses from violating the Land Use and Development Ordinance of the City of Daphne.
Following oral proceedings, the trial court dismissed the Bastians’ appeal and their claim against the Stevenses, finding that the Board did not have subject matter jurisdiction over the construction, inspections, and decisions made by the budding inspector for the City of Daphne and that, therefore, the court did not have subject matter jurisdiction over those actions. The court also found that the Bastians were not aggrieved parties within the meaning of § ll-52-80(c), Ala. Code 1975, because they did not suffer damage as a result of the issuance of the certificate of occupancy to the Stevenses. The trial court further found that the Bastians’ appeal to the circuit court was untimely because the Bastians did not pay the docketing fee untd after the time prescribed for taking such an appeal.
The Bastians appeal, raising numerous issues; however, we find the dispositive issue to be whether the trial court erred in dismissing the Bastians’ appeal and their claim against the Stevenses.
We first address whether payment of a docket fee, pursuant to § 12-19-71, Ala.Code 1975, is a jurisdictional prerequisite for an appeal of a decision by the Board.
Section 11-52-81, Ala.Code 1975, which governs appeals from the Board’s decisions, provides that any party aggrieved by the Board’s decision may, within 15 days of the decision, appeal by filing a written notice of appeal with the Board. Section 12-19-71, Ala.Code 1975, requires the payment of a docket fee when filing cases in the district and circuit courts of Alabama.
Nothing in § 11-52-81 establishes that the payment of that docket fee in the circuit court within the time allowed for an appeal is a jurisdictional requirement for perfecting such an appeal. See Finch v. Finch, 468 So.2d 151 (Ala.1985); Smith v. State, 660 So.2d 1820 (Ala.Civ.App.1995). In Finch, our supreme court held that the payment of the filing fee within the time prescribed for an appeal of a final settlement of an estate from probate court to circuit court was not a jurisdictional requirement. The court stated as follows:
*189 “In view of the above circumstances and the lack of any clear precedent that a filing fee was required upon appealing from probate to circuit court, much less that such a fee was jurisdictional, and in view of the practice in the higher appellate courts that only timely notice of appeal is jurisdictional, it was error to dismiss the appeal in the instant ease.”
468 So.2d at 154. Consequently, we conclude that payment of a docket fee in the circuit court is not a jurisdictional prerequisite for an appeal of a decision of the Board, and the trial court erred in holding that the Bastians’ appeal was untimely.
We next determine whether the Bastians were aggrieved by the Board’s decision and, therefore, had standing to challenge the Board’s decision.
To establish oneself as an “aggrieved party,” a person must present “‘proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value’” of his or her own property. Cox v. Poer, 45 Ala.App. 295, 297, 229 So.2d 797, 798-99 (Ala.Civ.App.1969) (quoting DuBay v. Crane, 240 Md. 180, 213 A.2d 487 (1965)). See also Ex parte City of Huntsville, 684 So.2d 123 (Ala.1996); Crowder v. Zoning Board of Adjustment, 406 So.2d 917 (Ala.Civ.App.1981). The Bastians presented no such proof. Consequently, we conclude that the Bastians were not aggrieved parties and lacked standing to challenge the Board’s decision.
Although the trial court erred in determining that the Bastians’ appeal was untimely, we conclude that such error was harmless because the Bastians lacked standing to challenge the Board’s decision. Rule 45, Ala. R.App. P.
The judgment of the trial court is due to be affirmed. The Board’s request for damages, pursuant to Rule 38, Ala. R.App. P., is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ála.Code 1975.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.