PITTMAN, Judge.
This appeal concerns the jurisdictional requirements for appealing to a circuit court from a decision of a municipal board of zoning adjustment.
On June 14, 2005, at a scheduled meeting, the Prattville Board of Zoning Adjustment (“the Board”) considered a request for a variance to permit the addition of a mobile home to a particular parcel of residential real property located in an “R-3” municipal zoning district, which provides for single-family residences. Upon hearing remarks from the city planner and the requesting party, the Board solicited comments from members of the public; however, after no one spoke for or against the request, the Board voted unanimously to approve it. The Board issued a formal order approving the variance request on the same day.
Section 11-52-81, Ala.Code 1975, provides, in pertinent part, that “[a]ny party aggrieved by any final judgment or decision of [a] board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken.” In such cases, § 11-52-81 provides that the board of adjustment “shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo.”
On June 18, 2005, Bobby Carter sent the Board a letter on behalf of himself and Merrill S. Carter; according to the letter, both Bobby Carter and Merrill Carter reside immediately adjacent to the property as to which the variance request had been granted. In that letter, Bobby Carter requested that his letter be treated as a “notice of appeal to the Circuit Court of the decision of the Board ... entered on June 14, 2005, granting a variance ... to locate a mobile home on” the property adjacent to his. The letter further stated that the appeal was being taken by Bobby Carter and Merrill Carter “on the grounds that [the variance] is in direct violation of the zoning restrictions of the R-3 classification for our area” and that “a mobile home next door will adversely affect our property value.” Although Bobby Carter’s letter had identified the pertinent Board order from which he and Merrill Carter had appealed, the Board sent Bobby Carter a letter on July 26, 2005, stating that “your intent to appeal the variance ... is hereby terminated” on the basis that “your appeal was not filed in Circuit Court before the end of the fifteen day period” set forth in § 11-52-81.
In October 2005, Bobby Carter filed a civil action in the Autauga Circuit Court stating that an actual controversy had arisen between him and the Board regarding the duty of the Board to transmit to the circuit court a record of the proceedings before the Board; Bobby Carter sought a judgment declaring that he had followed the necessary procedure set forth in § 11-52-81 to perfect an appeal from the Board’s June 14, 2005, order and ordering the Board to certify a record of the proceedings before the Board so that the appeal might proceed in the circuit court. The Board filed a motion for a summary judgment, supported by a narrative summary of facts; the variance request; a photograph of the affected property; the minutes of the Board’s June 14, 2005, meeting; a “speakers sign-in sheet” for that meeting; the order granting the requested variance; Bobby Carter’s letter of June 18, 2005; the Board’s letter of July 26, 2005; and an affidavit of the city planner for the City of Prattville, who attended the June 14, 2005, meeting of the Board. Bobby Carter filed a response in opposition to the Board’s motion. After a hear *461 ing, the circuit court entered a summary judgment in favor of the Board in which that court opined that Bobby Carter’s appeal from the Board’s order had not been “properly perfected.” Bobby Carter appealed from the summary judgment to this court.
“A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. In reviewing a summary judgment, [an appellate court] will view the evidence in the light most favorable to the nonmoving party and will resolve all reasonable doubts against the moving party.
“The facts in this case are undisputed; therefore, we will review the trial court’s application of the law to those facts to determine whether the [Board was] entitled to a judgment as a matter of law.”
Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997) (citations omitted).
Did the Board, under § 11-52-81, have a statutory duty, as Bobby Carter has contended, to transmit to the circuit court a transcript of the proceedings before the Board regarding its decision to grant the requested variance at issue? We answer that question in the affirmative. The statute provides that a party aggrieved by a final decision of a municipal board of adjustment may, within 15 days of the decision, appeal to the circuit court by filing with the board a written notice of appeal that specifies the particular decision from which the appeal is being taken. The statute further provides that “[i]n case of such appeal ” the board of adjustment is to “cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken” (emphasis added).
This court has consistently resisted efforts to engraft requirements upon an aggrieved party’s right of appeal under § 11-52-81 that exceed those set forth by our legislature. For example, in Bastian v. Board of Zoning Adjustment of Daphne, 708 So.2d 187 (Ala.Civ.App.1997), this court held that payment of a circuit-court docket fee within the 15-day period set forth in § 11-52-81 for taking an appeal from an adverse decision of a board of adjustment was not a jurisdictional prerequisite. 708 So.2d at 188-89. More pertinently, in LaGrange Church of the Nazarene, Inc. v. Board of Zoning Adjustment of Muscle Shoals, 473 So.2d 1076 (Ala.Civ.App.1985), we held that § 11-52-81 did not require service of process upon a board of adjustment in order to perfect an appeal from a decision of that board:
‘We read the plain language of ... § 11-52-81 ... to say that what is required of the aggrieved party to preserve his right to appeal an unfavorable decision by a local zoning board is to file notice of appeal with the board. The filing need not comply with the formal requirements for service of process under Rule 4, [Ala. R. Civ. P.] ... The purpose of the filing is only to give notice to the [b]oard that an appeal is taken. In response to such notice, the [bjoard must file in circuit court a transcript of its proceeding.”
LaGrange Church, 473 So.2d at 1078 (second emphasis added).
The principal cases relied upon by the Board are not to the contrary. In Lindsey v. Board of Adjustment of Gadsden, 358 So.2d 469 (Ala.Civ.App.1978), we held that a party who had not filed a notice of appeal with the pertinent board of adjustment could not properly add himself as a party to the review proceedings in the circuit court:
“[Section 11-52-81] requires that a party aggrieved by a final judgment or decision of a zoning board must appeal *462 to the circuit court within fifteen days of the board’s decision. Lindsey admittedly did not comply with this requirement. In addition, [§ 11-52-81] provides that written notice specifying the judgment or decision appealed from must be filed with the board. The record demonstrates that Lindsey also failed to adhere to this provision since no written notice of appeal was filed with the Gadsden Board of Adjustment.”
358 So.2d at 471. Lindsey, properly read, stands for the proposition that the two requirements for taking an appeal under § 11-52-81 to the circuit court are (a) timely action, i.e., filing a notice within 15 days of the pertinent decision; and, additionally, (b) proper action, ie., filing a written notice specifying the decision appealed from. Lindsey does not state that § 11— 52-81 requires any papers to be filed by the appellant in the circuit court that will hear the appeal. Similarly, our opinion in Board of Adjustment of Midland City v. Evans, 577 So.2d 471 (Ala.Civ.App.1991), clearly indicates that the notice of appeal in that case was filed more than 15 days after the pertinent decision and that the only filing received by the board of adjustment from the aggrieved party was a request that the board reconsider its earlier ruling. 577 So.2d at 472.
Based upon the foregoing authorities, we conclude that the sole jurisdictional prerequisites for appealing from a final decision of a municipal board of adjustment are those recognized in the text of § 11-52-81 itself: the filing “with [the] board ” of “a written notice of appeal specifying the judgment or decision from which the appeal is taken.” Id. (emphasis added). That filing by itself gives rise to a proper appeal, and in response to such a filing, the pertinent board of adjustment must “cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken.” [1] Id. Our interpretation, it should be noted, is consistent with that espoused by Justice Maddox in his special writing in Fulmer v. Board of Zoning Adjustment of Hueytown, 286 Ala. 667, 244 So.2d 797 (1971):
“As I read § 783 of Title 37,[ Ala.Code 1940 (Recomp.1958), the previous codification of § 11-52-81, Ala.Code 1975,] an aggrieved party may appeal from a decision by the Board of Adjustment by filing with the Board a written notice of appeal specifying the judgment or decision from which appeal is taken and once this notice is filed, as it was in this case, the cause is in the jurisdiction of the Circuit Court.
“In my judgment, our statutes do not require that any petition or pleading be filed in the Circuit Court and I do not believe that the general rules of pleading ... are applicable to appeals taken from judgments or decisions of Boards of Adjustment. A check of some of the original records of this Court involving appeals from decisions of Boards of Adjustment indicate that the general practice is that no additional pleadings are filed in the Circuit Court.”
286 Ala. at 671, 244 So.2d at 800 (Maddox, J., concurring specially) (emphasis added).
The summary judgment entered in favor of the Board on Bobby Carter’s claim is *463 reversed, and the cause is remanded for the entry of a judgment, or alternatively for further proceedings, consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. We do not hold that the Board is responsible for paying docketing fees in proceedings under § 11-52-81 simply because it is responsible for transmitting a transcript of its proceedings. Rather, §§ 12-19-70 and 12-19-71, Ala.Code 1975, and Rule 7, Ala. R. Jud. Admin., taken together, envision that the plaintiff in a particular matter should be initially responsible for paying the docket fee. In this case, Bobby Carter is what the common law would have called a “plaintiff in error” in that he, and not the Board, has brought the matter of the Board's decision before the circuit court for its review.