THOMAS, Judge.
The City of Prattville (“the City”) appeals from a judgment of the Autauga Circuit Court (“the circuit court”) in favor of S & M Concrete, LLC (“the business”), and Bobby Steve Carter II. Carter is the owner of property located within the City (“the property”); he is also the sole owner of the business. The record indicates the following relevant facts and procedural history. Carter applied for a building permit to build a structure on the property sometime in 2006; the City issued the permit on December 18, 2006. In January 2008, Carter applied to the City for a business license for the business and listed the property as the business’s address.[1] The *297 City ultimately denied the business-license application, stating that the property was zoned “R-3” (single-family residential).
On January 16, 2009, Carter filed an application with the City Planning Commission (“the planning commission”) to rezone the property from “R-3” to “B-2” (general business). After a public hearing on May 21, 2009, the planning commission voted to not recommend the zoning change to the city council. The city council held a public hearing regarding the requested zoning change on July 7, 2009, after which it unanimously voted to deny the zoning change. On July 8, 2009, the City sent Carter a letter stating that the business had until July 30, 2009, to relocate. Carter and the business filed an appeal from the city council’s decision in circuit court on July 21, 2009. In the appeal, Carter and the business requested that the circuit court grant a temporary restraining order (“TRO”) and a preliminary injunction, pursuant to Rule 65, Ala. R. Civ. P., and they sought permanent injunctive relief. The circuit court issued a TRO on July 21, 2009. After a hearing, the circuit'court issued a preliminary injunction on July 28, 2009, ordering the City to issue a business license for the business and to allow the business to continue to operate on the property.
After filing the appeal in the circuit court, Carter submitted a variance request to the Prattville Board of Zoning Adjustment (“the BZA”). After a hearing, the BZA denied the variance request on September 8, 2009. On September 25, 2009, Carter and the business amended the appeal in the circuit court to include an appeal from the denial of the variance request and to seek declaratory relief pursuant to § 6-6-220 et seq., Ala.Code 1975. Carter and the business filed a motion for a default judgment as to the requested declaratory relief on October 23, 2009; the City responded to the amended appeal on October 29, 2009. The motion for a default judgment was denied on November 3, 2009.
After a lengthy period of discovery, the City filed a motion for a summary judgment on June 3, 2011. Carter and the business filed a motion to strike the City’s motion for a summary judgment on June 8, 2011, alleging that the motion for a summary judgment was untimely pursuant to Rule 56(c)(2), Ala. R. Civ. P., and the circuit court’s scheduling order. The first day of trial was held on June 14, 2011, at which the circuit court heard evidence ore tenus. The circuit court granted Carter and the business’s motion to strike and denied the City’s motion for a summary judgment by entry directly into the State Judicial Information System (“SJIS”) on June 14, 2011. Testimony was not completed on June 14, 2011; therefore, the case was next called on January 25, 2012. The City filed a motion for a “directed verdict”[2] on that same day.[3] The last day of trial was held on May 1, 2012; the record indicates that the circuit court also denied the motion for a “directed verdict” on May 1, 2012.
The circuit court entered a final judgment in favor of Carter and the business on July 27, 2012. In its judgment, the circuit court judicially rezoned the proper *298 ty “B-2” and granted the requested in-junctive and declaratory relief. The City filed a motion to alter, amend, or vacate the judgment on August 27, 2012; Carter and the business responded on November 7, 2012. The circuit court denied the motion to alter, amend, or vacate on November 13, 2012. The City filed a timely appeal with our supreme court on December 17, 2012; the appeal was then transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975.
In its brief on appeal, the City raises several issues that may be summarized as whether the circuit court erred in granting the requested relief because, it says, Carter and the business failed to prove that the City acted in an arbitrary and capricious manner in denying the request to change the zoning classification of the property. The City also argues that the circuit court did not have jurisdiction over the appeal from the BZA’s decision because that appeal had been untimely filed.
Because the circuit court heard evidence ore tenus, “ ‘a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’ ” Pollard v. Unus Props., LLC, 902 So.2d 18, 23 (Ala.2004)(quoting American Petroleum Equip. & Constr., Inc. v. Fancher, 708 So.2d 129, 132 (Ala.1997)). However, “ ‘[wjhen the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. In addition, the ore tenus presumption of correctness has no application to a trial court’s conclusions on questions of law.’” Id.
Both parties argue that the circuit court’s review of the City’s denial of the request to change the zoning classification of the property is governed by the fairly debatable standard. Our supreme court has stated:
‘“When a municipal body acts either to adopt or to amend a zoning ordinance, it acts in a legislative capacity and the scope of judicial review of such action is quite restricted. The restricted role in reviewing the validity of a zoning ordinance or regulation has been stated as follows:
“ ‘ “Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion, and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational and justifiable basis for the enactment and it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.
“ ‘ “In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or ... plainly contrary to the zoning laws.” ’
“[Homewood Citizens Ass’n. v. City of Homewood,] 548 So.2d [142,] 143 [ (Ala.1989) ] (quoting 82 Am.Jur.2d Zoning *299 and Planning § 338 (1976) (citations omitted)).”
Pollard, 902 So.2d at 24 (footnote omitted). Moreover, “the Court in Homewood Citizens Association further stated: ‘The burden is upon the party seeking relief from an ordinance to show that the ordinance was not a fairly debatable issue before the municipal governing body.’ 548 So.2d at 144.” Id. at 25 n. 9.
The circuit court made the following findings in its final judgment:
“1. That the Appeal is accepted, jurisdiction assumed.
“2. That the [City] was improper in failing to change the requested zoning to B-2 of the Prattville Zoning Ordinance. “3. That the [City] had improperly changed the zoning and was completely unable to present testimony that the subject property was not B-2, as the [City] could not advise this Court as to the zoning assigned as this area was originally annex[ed], or the history of the changes in the area.
“4. That the predecessor in title to [Carter], maintained the property as a business location, with a gravel pit and further utilized the same with a mobile home located thereon.”
We first address the circuit court’s finding that Carter’s predecessor in title had used the property at one time as a business location, which could indicate that Carter had the right to continue the nonconforming use of the property. The definitions section of the City’s zoning ordinance defines a nonconforming use as “[a] use of any structure or land which, though originally lawful, does not conform with the provisions of this ordinance or any subsequent amendments thereto for the district in which it is located.” Section 4 of the City’s zoning ordinance, in pertinent part, further explains:
“(B) Any use or structure existing at the time of enactment or of subsequent amendment to this ordinance, but not in conformity with its provisions, may be continued with the following limitations: Any use or structure which does not conform to the provisions of this ordinance, except with the written approval of the Board of Zoning Adjustment, shall not be:
“(a) Chained [sic] to another nonconforming use.[4]
“(b) Re-established after discontinue [sic] for one (1) year.
“(c) Rebuilt after fire or storm loss, exceeding its value, above foundation, at the time of loss.”
According to Carter, his father used the property as a gravel pit or a dirt pit (hereinafter referred to as “the gravel pit”) from sometime in the early 1980s until sometime in 1993 or 1994;[5] testimony at the trial revealed that Carter’s mother was awarded the property when she and Carter’s father divorced in 1993. In Mousseau v. City of Daphne Board of Zoning Adjustments, 6 So.3d 544, 550 (Ala.Civ. App.2008), this court, quoting 8A Eugene McQuillin, The Law of Municipal Corporations § 25.188.50 at 67-69 (3d ed. rev. 2003), stated:
“ ‘A nonconforming use will not be recognized in the absence of sufficient *300 competent evidence to prove it was lawfully in existence at the time the ordinance was enacted and that it has con-tinned in existence. The burden of proof is upon the party asserting a right to a nonconforming use to establish the lawful and continued existence of the use at the date of the enactment of zoning laws pertaining to it.’ ”
(Emphasis added.)
Although he was not abundantly clear as to the dates, Carter testified that he resided in a manufactured home located on the property between 1994 and 2000. Carter stated that, during the time he resided on the property, it was still being used as a gravel pit; however, he could not remember anyone removing dirt or gravel from the property during that period. At trial, the City repeatedly asked Carter to approximate the year in which the property ceased to be used as a commercial gravel pit. Carter would not directly answer the City’s question, instead responding that he “didn’t know” or “[couldn’t] answer that” or that “it was a long time ago.” For example, in response to the City’s inquiry as to whether the property “[w]as ... commercially being used as a dirt pit” while Carter was living on the property, Carter stated: “I can’t — I wasn’t there every day, so I don’t know. I mean, I didn’t sit out there by the road with, a chair and watch for trucks coming in and out.” The circuit court stated that, based on its having presided over Carter’s parents’ divorce in 1993, it was “relatively sure Mrs. Carter didn’t let Mr. Carter come use the [gravel] pit after the divorce.”
Carter’s testimony is not sufficient evidence to support the conclusion that the property continued to be used as a gravel pit while he resided on the property. Instead, we conclude that Carter failed to prove that the nonconforming use of the property, which was established before the zoning ordinance was enacted in 1987, had continued after his mother became the owner of the property in 1993. Thus, because there is no evidence indicating that the nonconforming use continued after 1993, we conclude that the nonconforming use of the property had been discontinued for at least one year, and, therefore, no nonconforming use could be established on the property without first seeking a variance from the BZA.
We further conclude that the record contains credible evidence indicating that the City did not act in an arbitrary and capricious manner by denying Carter’s request to change the zoning classification of the property. Carter purchased the property from his mother on November 6, 2006; he applied for the building permit on December 8, 2006. As required by the City, Carter submitted a building plan, which was labeled “office layout,” with the building-permit application. ' Carter and the business seem to argue that, because the City granted the building permit, the City was on notice of, and consequently approved, the use of the property for solely commercial purposes.[6] We disagree that a city employee’s approval of the *301 building plan in any way culminated in the City’s approval of the use of the property in a manner inconsistent with the zoning ordinance. This is further substantiated by the fact that the City, which had in previous years issued a business license for the business, denied Carter’s application for a business license after it was notified that the business had been relocated to the property.
In Fort Morgan Civic Association, Inc. v. Baldwin County Commission, 890 So.2d 139, 145 (Ala.Civ.App.2003), this court stated:
“The standard of review in rezoning cases is ‘whether the reclassification is sound and fair. If it is fairly debatable as to whether the reclassification is sound and fair, the Court will not substitute its judgment for that of the [local government].’ [City of Tuscaloosa v. Bryan, 505 So.2d 330, 337 (Ala.1987)]. The ‘fairly debatable’ rule was discussed in American Petroleum Equipment & Construction, Inc. v. Fancher, 708 So.2d 129 (Ala.1997). Our supreme court determined that ‘ “ ‘[i]f the application of a zoning classification to a specific parcel of property is reasonably subject to disagreement, that is, if its application is fairly debatable, then the application of the ordinance by the zoning authority should not be disturbed by the courts.’ ” ’ 708 So.2d at 131 (quoting Byrd Cos. v. Jefferson County, 445 So.2d 239, 247 (Ala.1983), quoting in turn Davis v. Sails, 318 So.2d 214, 217 (Fla. Dist.Ct.App.1975)).”
We find further guidance regarding the applicability of the “fairly debatable” rule in American Petroleum Equipment & Construction, Inc. v. Fancher, 708 So.2d 129, 132 (Ala.1997).
“Because the adoption of an ordinance is a legislative function, the courts must apply a highly deferential standard in
zoning cases. City of Mobile v. Karagan, 476 So.2d 60, 63 (Ala.1985). This Court has said:
“ ‘ “[I]f the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. Leary v. Adams, 226 Ala. 472, [147] So. 391 [ (1933) ]; Episcopal Foundation of Jefferson County v. Williams, [281 Ala. 363, 202 So.2d 726 (1967) ].” ’
“City of Birmingham v. Norris, supra, 374 So.2d [854,] 856 [ (Ala.1979) ] (quoting Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968)).”
We also find Byrd Cos. v. Jefferson County, 445 So.2d 239 (Ala.1983), instructive in the present case. In Byrd, property owners submitted a request to the Jefferson County Commission to rezone the property at issue from residential to commercial. Id. at 243. Similar to the present case, the property owners in Byrd did not argue that the property could not be used for residential purposes but instead argued that it was cost-prohibitive to construct a residence. Id. at 242. The Jefferson County Commission denied the rezoning request. Id. at 243. Our supreme court, in affirming the trial court’s judgment, noted with approval the words of the trial court:
‘“[T]he Court does not mean to imply that the proposed development would have a negative impact on any of the elements enumerated above[;] ... however, since the Court believes the decision of the County Commission did bear *302 a relationship to the police power, and that its decision satisfied the “fairly debatable” test, the Court does not need to go further.’ ”

Id,

In the present case, both the planning commission and the city council held public hearings regarding Carter’s request to rezone the property. At both meetings, individuals who lived on the same street as the property spoke in opposition to the rezoning request. Three neighboring residents each testified at trial that he or she had moved to that area because of the residential qualities of the area and that each of them opposed rezoning the property.
We note that the circuit court did not find that the City had acted arbitrarily or capriciously in denying Carter’s rezoning request. Rather, the circuit court’s judgment is based upon its belief that the City had improperly changed the zoning of the property and, also, that Carter’s predecessor in title had used the property as a business location. We cannot agree that the City failed to present the circuit court with evidence of the property’s zoning history, including evidence that the property was not zoned “B-2.” Joel Duke, the city planner, testified that the property was zoned “R-3” at least since 1987, if not before.[7]
“[Carter and the business’s attorney:] So I — thought you, said in '87 it became R-3?
“[Duke:] Make sure I’m clear on that. It was — it had been R-3 prior to that. The last time that I know that there is a chance that it might have been changed or could have been changed would have been 1987 when a map was adopted for the entire city. It remained R-3. City records are not sufficient for me to determine exactly when it became R-3 the first time. But a comprehensive rezoning of the property and the whole city was done where a new map was adopted for the entire city in 1987.”
Furthermore, Carter and the business did not assert at trial, nor do they assert on appeal, that the property was ever zoned “B-2.”
We conclude that it is evident from the record that the decision of the City to deny Carter and the business’s request to rezone the property satisfied the “fairly debatable” test. We also conclude that the City’s action was not “ ‘ “arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare.” ’ ” Pollard, 902 So.2d at 24.
We now address the City’s argument the circuit court lacked jurisdiction over the appeal from the BZA’s denial of the variance request because that appeal was untimely. Section 11-52-81, Ala.Code 1975, states:
“Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days *303 thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken.”
The BZA denied Carter’s request for a variance on September 8, 2009. Carter and the business amended the appeal to the circuit court to include an appeal from the BZA’s decision on September 25,. 2009, more than 15 days after the request was denied. Carter and the business argue that the appeal from the BZA’s decision is timely based on the relation-back doctrine espoused in Rule 15(c), Ala. R. Civ. P. However, we have held that,
“since the right to appeal in zoning board cases did not exist at common law, the 15-day time limit for appealing a board’s decision is jurisdictional in nature rather than procedural. Lindsey v. Board of Adjustment, 358 So.2d 469 (Ala.Civ.App.1978). Therefore, compliance with this time period within which appeals must be filed is a condition precedent to the right to maintain an appeal to the circuit court. Lindsey, supra. Furthermore, since this provision is jurisdictional, this court cannot alter or enlarge that period by resorting to the Alabama Rules of Civil Procedure. Lindsey, supra.”
Board of Adjustment of Town of Midland City v. Evans, 577 So.2d 471, 472 (Ala.Civ.App.1990).
Because the time provision of § 11-52-81 is jurisdictional, and because this court is not at liberty to alter or enlarge that period by resorting to the Alabama Rules of Civil Procedure, we cannot conclude that Carter and the business’s attempt to “relate back” under Rule 15(c) extended the time to appeal from the BZA’s decision. Because Carter and the business did not comply with the statutory requirements of § 11-52-81, the circuit court did not have jurisdiction to entertain the appeal from the BZA’s decision.
Based on the foregoing, we conclude that the circuit court erred by entering a judgment in favor of Carter and the business. We, therefore, reverse the judgment of the circuit court, and we remand the cause for the circuit court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The City had previously issued a business license for the business; however, January 2008 was the first time that the property was *297 listed on a business-license application as the business’s address.

. Although the City moved for a “directed verdict," we recognize that that motion is properly characterized as a motion for a judgment on partial findings pursuant to Rule 52(c), Ala. R. Civ. P. See Lawson v. Harris Culinary Enters., LLC, 83 So.3d 483, 490 n. 7 (Ala.2011).

. The record indicates that the case was immediately reset for May 1, 2012, due to “technical difficulties.”

. We note that comparable zoning ordinances of other municipalities located in Alabama provide that a nonconforming use may not be “changed to another nonconforming use.” (Emphasis added.)

. We find no evidence in the record indicating that a business license was ever issued for a business located on the property. However, the City does not appear to dispute that the property was used as a commercial gravel pit before 1987, when the City’s zoning ordinance was enacted.

. We note that this argument is, in effect, an equitable-estoppel argument. However,
‘‘[our supreme c]ourt has held that ‘[t]he doctrine of equitable estoppel, as a general rule, is not applicable to the state, to municipal subdivisions, or to state-created agencies,’ because ‘ “[pjersons dealing with agencies of government are presumed to know the legal limitations upon their power and cannot plead estoppel on the theory that they have been misled as to the extent of that power.” ’ Marsh v. Binningham Board of Education, 349 So.2d 34, 36 (Ala.1977), quoting City of Birmingham v. Lee, 254 Ala. 237, 247, 48 So.2d 47, 55-56 (1950).”
Ex parte City of Jacksonville, 693 So.2d 465, 467 (Ala.1996).

. Duke also testified that, at some point, the City purported to pass an ordinance rezoning the area in which the property is situated from "R-3” to a different residential classification that allowed manufactured homes. However, Duke further explained that he and the city attorney, while researching the history of the property in preparation for this action, discovered that the notice requirements promulgated in § 11-52-77(2), Ala. Code 1975, were not followed when that ordinance rezoning the property was passed. Therefore, because that ordinance purporting to change the zoning classification was invalid, see Town of Stevenson v. Selby, 839 So.2d 647, 649 (Ala.Civ.App.2001), a decision was made by Duke and the city attorney that the last proper zoning classification for the property was "R-3.” We conclude that, because either zoning classification was for residential use, not commercial use, the purported change does not affect our analysis of this issue.